## 29661. WALKER v. HOPPER.

HALL, Justice.
The heart of this appeal is the contention by attorneys for Walker, a habeas corpus petitioner, that this court should raise the presently applicable standard for testing the effectiveness of appointed counsel whose client enters a guilty plea. It is urged that we should not only require, as we do presently, that counsel assure that the guilty plea is intelligently and voluntarily entered, but that we should also rule that a defendant who has previously stated a desire to plead guilty is nonetheless deprived of the effective assistance of counsel where his attorney is appointed only a matter of minutes before the

---

evidence though Mosley attempts to introduce it by inclusion of statistics in his pro se brief on this appeal.

plea is entered; makes no independent investigation of the facts; engages in no plea bargaining; presents no mitigating circumstances to the court prior to sentencing; and admits that his handling of fee-paid cases is different. We will not adopt the rule requested because in our view it is not required to insure that the defendant's rights are adequately protected, and the implementation of such a rule would have an adverse impact on the administration of criminal justice.

Walker appeals the denial by the Tattnall County Superior Court of the relief sought in his habeas corpus petition filed following his guilty plea to a charge of burglary and the imposition of a 20-year sentence. The transcript of the guilty plea hearing shows that both Walker and the sheriff testified that Walker was apprehended while hiding under a desk inside a store on Christmas Day, 1973, when officers interrupted a burglary in progress at the store.

In his petition, Walker contended that his guilty plea was involuntarily entered because he was ignorant of the consequences thereof and was without the effective assistance of counsel; that he pleaded guilty only because the sheriff threatened him; that he is illiterate and failed to understand the impact of the "guilty plea questionnaire" he signed; and that he did not intelligently and validly waive indictment by the grand jury for the felony of burglary.

At the time of entering his plea, Walker was represented by Mr. Edgar Fry, who was appointed by the court after Walker was brought to the courthouse following his statement that he wished to plead guilty. Though the court appointed Mr. Fry because he happened to be on hand, Mr. Fry was Walker's choice to represent him; had represented him three or four times previously in criminal matters; and had been approached by Walker's father to represent him on the burglary charge. At the hearing on the habeas corpus petition, Mr. Fry testified that he was surprised to find that Walker was among a group of four criminal defendants desirous of pleading guilty whom the judge asked him to advise prior to the entry of their pleas. He further testified that he privately and individually explained to Walker the rights

his guilty plea would waive, going over each question on the "questionnaire" Walker subsequently signed. He testified that Walker said nothing to him in their private conversation about any threat by the sheriff, but confessed himself guilty of the burglary of the Goodyear store; however, Walker insisted he was not guilty of an additional count of burglary charged in the accusation. (Fry succeeded in having that count dropped.) Fry further testified that he told Walker that if he elected to plead not guilty, he could have a jury trial, and that Fry would represent him, and that perhaps a jury would give him a shorter sentence. Walker's only response was to reiterate his desire to plead guilty. The judge conducted a hearing for all four defendants the transcript of which shows that it conformed to Boykin v. Alabama, 395 U. S. 238, and accepted the pleas and sentenced the defendants.

1. On the facts detailed above, the superior court did not err in ruling that Walker was effectively represented and that his guilty plea was voluntarily and intelligently entered. The mere fact that counsel was appointed shortly before the plea was entered does not alone render the plea involuntary. Howard v. Beto, 466 F2d 1356, 1357 (5th Cir. 1972); O'Neal v. Smith, 431 F2d 646, 648 (5th Cir. 1970). Any question of the credibility of the witnesses was for the superior court to determine and that court's election to disbelieve much of Walker's testimony was authorized by the evidence. Moreover, though it is urged that Walker's illiteracy prevented his comprehending the proceedings, the transcript shows that he did manifest a workable understanding of indictment and jury trial with the attendant rights of each, and the intent to waive them.

Walker urges here that counsel, in a guilty plea situation, cannot be effective where he does not investigate the case, engage in plea bargaining, or present mitigating considerations at sentencing. This is not the law. "When a person indicates a desire to enter a guilty plea, the duty of counsel is limited to ascertaining whether the decision so to plead is voluntarily and knowingly made." Collins v. Green, 505 F2d 22, 24 (5th Cir. 1974); Howard v. Beto, supra. Moreover, the facts detailed above are adequate to show that Walker received individualized attention by competent appointed counsel,

and the "assembly-line" condemned in Walker v. Caldwell, 476 F2d 213, 223 (5th Cir. 1973) is distinguishable.

2. The superior court's ruling that Walker validly waived indictment by a grand jury was authorized by the evidence. The contention here that a specific written waiver of indictment is required by Code Ann. § 27-704 of one pleading guilty to a non-capital felony such as burglary (see Code Ann. § 26-1601) is without basis in the text of the statute.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only, and Ingram, J., who dissents.*

SUBMITTED FEBRUARY 1, 1975 — DECIDED APRIL 8, 1975.

*Thomas M. West, James C. Bonner, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, David L. G. King, Jr.,* for appellee.

INGRAM, Justice, dissenting.

I dissent as this case comes too close to the "assembly-line" procedure which the majority opinion eschews approving as acceptable. It is difficult for me to believe that a decision to plead guilty can be knowingly (intelligently) and voluntarily made by an illiterate layman on the basis of a quick consultation with counsel appointed "only a matter of minutes before the plea is entered."

There is no doubt that the lawyer appointed in this case is an able lawyer and was conscientious in the short time he had before the plea was entered. However, counsel himself testified at the subsequent habeas hearing that "his handling of fee paid cases is different." To my mind, this means that the majority opinion recognizes and approves two standards of effective assistance of counsel — one highly effective in fee paid cases and one that is less effective in appointed cases.

The result of approving only quick consultations before guilty pleas are entered may well lead us into

unequal justice for the poor and illiterate who must depend upon appointed counsel. I think we have to be assured that each accused who pleads guilty does it knowingly as well as voluntarily. This means the lawyer must know the facts of the case and the accused must know the legal elements involved before a voluntary and intelligent decision can be made.

In my opinion, the Constitution of the United States and of Georgia both require that counsel must actually and substantially assist his client in deciding whether to plead guilty. This should be the test applied to the facts of each case when a question arises about the effective assistance of counsel on a guilty plea. This question can be answered without much trouble in a later habeas corpus inquiry if the record of the guilty plea hearing shows at least some summary of exactly what counsel did to assist the client in deciding what plea to enter in the case.

In the absence of including at least a statement by the lawyer in the presence of his client as a part of the record made at the time the plea is entered, the circumstances must be reconstructed later. This is often unfair to counsel who thought he was effective but finds that his former client is now disputing it. For relevant cases dealing with the issues of guilty pleas and also counsel, see McCarthy v. United States, 394 U. S. 459, 466; Walker v. Caldwell, 476 F2d 213, 214 (4); *MacAuliffe v. Rutledge,* 231 Ga. 1 (200 SE2d 100); *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515); *Wilkins v. Hopper,* 232 Ga. 796, 797 (209 SE2d 147); and, see Code Ann. § 2-105 (Art. I, Sec. I, Par. V, Georgia Constitution.)

I dissent in the present case because I do not believe the able lawyer appointed to represent this defendant had sufficient time to assist the client in making a voluntary and intelligent decision to plead guilty.