30486, 30487. BROWN v. THE STATE (two cases).

Jordan, Justice.
Earl Lee Brown was convicted of murder and burglary in Gwinnett Superior Court and sentenced to life imprisonment for murder and 20 years for burglary, the sentences to run concurrently.

On March 10, 1975, the attorney who represented him by appointment in the trial of the case filed a notice of appeal in his behalf. On March 26, 1975, appellant filed a pro se notice of appeal.

The appellant notified the trial judge that he desired to pursue his appeal without the benefit of his trial counsel, and the judge relieved this counsel of any further obligation in connection with the appeal. The judge then appointed a public defender to represent the appellant in this court. The appellant wrote the public defender that he was refusing to accept this appointment of counsel for him, and that he would resist any other court appointment of counsel for him. The trial judge thereafter relieved the public defender of his obligation to represent the appellant, but advised the appellant that legal assistance would be given him in the future upon his request.

The appeals were docketed in this court on September 22, 1975, and would have been assigned to the

November, 1975, calendar, but they were postponed to the January, 1976, calendar on the request of the appellant for continuance. On November 4, 1975, the appellant was granted an extension of 30 days for filing his enumeration of errors and brief. Further motions for continuance of his appeals were denied. It was explained to him that if his case was not decided by this court by March 20, 1976, it would be affirmed by operation of law under the Constitution, Art. VI, Sec. II, Par. V (Code Ann. § 2-3705).

The appellant has never perfected his appeal by filing an enumeration of errors as required by Code Ann. § 6-810 (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 243; 1968, pp. 1072, 1077), nor has he indicated in any way what errors he contends were made on his trial.

"A person convicted of a crime in a trial court in this state is not entitled to have his conviction reviewed as a matter of right by an appellate court. He must pursue applicable statutory requirements. A convicted party can, by his own conduct . . . forfeit his appeal." *State v. Denson,* 236 Ga. 239 (1976).

"There is an automatic appellate review provided by statute in death sentence cases but not otherwise, . . ." *Henry v. Hopper,* 235 Ga. 196, 198 (219 SE2d 119) (1975).

Since the appellant has refused all offers of assistance of counsel to aid him in his appeals, and has refused to comply with the statutory requirement of filing an enumeration of errors, his appeals are dismissed for failure to complete them.

*Appeals dismissed. All the Justices concur.*

Submitted January 20, 1976 — Decided February 24, 1976.