## 52505. SPRIGGS v. THE STATE.

MARSHALL, Judge.

Appellant was convicted on his plea of guilty of aggravated assault and was sentenced to 10 years. In his brief, appellant presents three discernable issues: (1) whether his plea of guilty and sentence were nugatory because based upon plea bargaining which was not disclosed to the trial court, (2) whether he was ineffectively represented by counsel, and (3) whether the indictment was insufficient to charge the offense of aggravated assault. *Held:*

1. The state's attorney has moved to dismiss the appeal because of numerous technical deficiencies. The appeal is pro se and is replete with procedural errors (late filing of notice of appeal, no enumerations of error, failure of service of copy of brief on the state's attorney, etc.) and should result in dismissal. See *Brown v. State,* 236 Ga. 333 (223 SE2d 642); *Stroud v. State,* 137 Ga. App. 604 (224 SE2d 525); *Hyde v. State,* 137 Ga. App. 400 (224 SE2d 75). However, appellant has filed a brief setting forth certain errors he contends were made at his trial. One of the errors is that he was ineffectively represented by counsel. Under the authority of *Brown v. State,* 236 Ga. 333, 334, supra, and *State v. Denson,* 236 Ga. 239 (223 SE2d 640), we review the appeal. See *Clark v. State,* 138 Ga. App. 266 (1) (226 SE2d 89).

2. Appellant states in his brief that his plea of guilty was induced by his attorney's statement to him that the prosecutor wanted a plea of guilty and in exchange would seek no more than a two-year sentence to run concurrently with his federal sentence. Yet at the sentence hearing, the prosecutor was not present and the trial judge made no mention of such a "bargain," nor did his own counsel bring it to the judge's attention, and the trial judge imposed the maximum sentence of 10 years.

The record shows that appellant's plea of guilty was taken under a thorough examination by the trial judge of his constitutional rights. See *Hooks v. State,* 233 Ga. 149 (1) (210 SE2d 668); *Smith v. State,* 231 Ga. 23 (200 SE2d 119) including the possible penalty. After fully outlining the rights which appellant would waive by a plea of guilty, he asked appellant: "[I]s this plea of guilty made by you freely and voluntarily?" "Yes, Sir." "Have any threats or promises of any kind been made to, toward or against you, in order to get you to enter this plea of guilty? . . . No, sir. . . Is it your own voluntary act? . . . Yes, sir. . . Are you in fact guilty of this offense of aggravated assault read to you by the Court? . . . Yes."

At the sentencing hearing the trial judge asked the defendants and their counsel if they wished to say anything before sentence was pronounced. Appellant's attorney made a statement on behalf of appellant and appellant stated: "Yes, sir, I know I did wrong I just want another chance."

At all times appellant was represented by counsel with whom appellant stated he was satisfied and whom appellant expressly considered a competent and capable attorney. Had there been a "plea bargain" in this case (a fact not conceded by state's attorney), appellant or his attorney had ample opportunity to raise same before the trial judge. Yet, after the trial judge pronounced the sentence, he asked "[D]o each of you understand your sentence? Yes, sir. Do you have any questions you want to ask about it? . . . No, sir. . . Do you fully understand that you have a right to appeal your sentence to the Sentence Review Panel? . . . Yes, sir . . . Do you understand that if you wish to appeal it, you must notify your attorney of such so that he can get a notice of Appeal filed within 30

days of this date? . . . Yes sir . . . You can be seated."

There being no showing in the record of a "plea bargain," and the appellant having been provided the opportunity to present same to the trial court, we find that appellant's plea of guilty was voluntarily given. In the absence of a showing in the record, we need not consider Santobello v. New York, 404 U. S. 257 (92 SC 495, 30 LE2d 427) and other federal cases cited by appellant.

3. Appellant contends he was ineffectively represented by counsel in that his lawyer did not apprise the court of the "plea bargain" during the sentencing phase of the trial and did not object to the inadequate indictment. As indicated above, there is nothing in the record to show a "bargain" was ever made by appellant's counsel. As to the indictment, see Division 4, infra. Furthermore, appellant stated that he was satisfied with his attorney and considered him competent and capable.

4. The indictment charged appellant with "the offense of aggravated assault, for that the said Accuseds on the 6th day of February, 1975, in the county aforesaid, did then and there knowingly and wilfully commit assault upon the person of Derry Sharp by use of force and by use of a deadly weapon, to-wit: a shotgun, contrary to the laws of State, the good order, peace and dignity thereof." This is sufficient to charge offense of aggravated assault under Ga. L. 1968, pp. 1249, 1280 (Code Ann. § 26-1302). See *Lanthrip v. State,* 235 Ga. 10, 12-13 (218 SE2d 771).

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED JULY 7, 1976 — DECIDED SEPTEMBER 16, 1976.

James Spriggs, *pro se.*
H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney, for appellee.