57945, 57946. BROWNING v. THE STATE (two cases).

UNDERWOOD, Judge.

In these two appeals from convictions of violations of the Controlled Substances Act, Code Ann. Ch. 79A-8, defendant Browning, appearing pro se, contends that the court erred in accepting his pleas of guilty tendered in plea bargains without an affirmative showing that they were intelligently and voluntarily made as required by Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969) and similar cases, and that he entered into these plea bargains because of duress on the part of his attorney.

These contentions are utterly without support in the records and are contrary thereto. Each record contains the formal plea-bargaining agreement with the district attorney which was tendered and recommended to the court; and "[t]he sentences which appellant ultimately received in the trial court were the sentences previously agreed to by appellant and his counsel during plea bargaining and there can be no serious question here of an unfulfilled promise made by the prosecutor to induce the guilty pleas." *Cunningham v. State,* 235 Ga. 664 (221 SE2d 428) (1975). The plea bargains were agreed to by Browning's counsel, and in his answer to questions propounded by the court Browning asserted that he was satisfied with counsel, who was apparently retained by him; and we find in the records releases of counsel signed by Browning at the time of filing his pro se notice of appeal in which he represented that he was "fully satisfied with the representation given to me by [the attorney]." The claim that his plea bargains were not voluntarily and intelligently made but were improperly induced by counsel must therefore fail. See *Spriggs v. State,* 139 Ga. App. 586 (2) (228 SE2d 727) (1976); *Waye v. State,* 239 Ga. 871, 875 (2) (238 SE2d 923) (1977).

Moreover, Browning himself signed the plea bargains, and in other answers to the questions

propounded by the court he represented that he was not improperly induced to sign them and enter the guilty pleas. "When a defendant denies on the record that anyone induced his plea, he will not later be heard to claim that someone did induce it." *Barksdale v. Ricketts,* 233 Ga. 60, 61 (209 SE2d 631) (1974). The records contain Browning's answers to other questions by the court similar to those in *Smith v. State,* 231 Ga. 23, 24 (200 SE2d 119) (1973) and *Hooks v. State,* 233 Ga. 149 (fn. 1) (210 SE2d 668) (1974) (modified other grounds 239 Ga. 408 (238 SE2d 1) (1977)), and these written questions and signed answers constitute "the signed statement of the defendant . . . and the trial judge, setting forth the full panoply of rights of an accused and his knowing, intelligent and voluntary waiver of those rights." *Wright v. State,* 143 Ga. App. 247 (237 SE2d 714) (1977). The trial court accepted the pleas only after explicitly finding that there was a factual basis for them, that Browning understood the nature of the charges against him and the consequences of his pleas, that he was pleading guilty freely and voluntarily, that he was in fact guilty, and that there were knowing and intelligent waivers of various enumerated rights. None of this was controverted below as might have been attempted had Browning filed motions to withdraw the pleas in the trial court (see *Smith v. State,* 231 Ga. 23, supra), and in these direct appeals from the judgments of conviction and sentence we find everything to indicate that the proceedings were regular and nothing to indicate they were not.

*Judgments affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED JUNE 13, 1979 — DECIDED JULY 12, 1979.

Clayton Browning, *pro se.*
*Vickers Neugent, District Attorney, Lew S. Barrow, Assistant District Attorney,* for appellee.