## 59502. CRUMP v. THE STATE.

CARLEY, Judge.
Appellant, serving a sentence at the Lee Correctional Institution, was indicted for escape and motor vehicle theft. He pled guilty and received a three-year sentence for the theft and a one-year sentence for escape to be served consecutive to and following the sentence he was already serving. On April 26, 1979, sentence was properly pronounced by being reduced to writing, signed by the court and filed with the clerk. See *Burkett v. State,* 131 Ga. App. 177 (205 SE2d 496) (1974). On May 2, 1979, appellant moved to withdraw his guilty pleas. A hearing was held and appellant's motion was denied. He appeals.

Appellant contends that his pleas of guilty were premised upon his attorney's promise that a sentence would be imposed of one year on each count to be served concurrently with the sentence already being served. The record contains a transcript of the entry of the guilty pleas which demonstrates that appellant was informed of every right available to him under the constitution, and that every effort was made to insure that he fully understood these rights. Appellant was asked if the district attorney, his lawyer or any law enforcement officer or anyone else had made any threat to force the guilty pleas. Appellant responded negatively. Appellant was asked if anyone had made any promise to persuade him to plead guilty. He answered no. Appellant was twice asked if he had been afforded sufficient time to confer with his counsel. Appellant indicated that he had. He was asked if he was satisfied with the services of his attorney. Appellant answered that he was. He was asked if he understood that upon a plea of guilty he could be imprisoned and/or fined in the court's discretion. Appellant acknowledged he was aware of this.

On this record the trial court hearing the motion to withdraw the guilty pleas was authorized to find, despite assertions to the contrary, that appellant's pleas were freely and voluntarily given, uninfluenced by any promises as to the possible sentence to be imposed as the result thereof. *Davies v. Ault,* 229 Ga. 11 (189 SE2d 86) (1972); *Barksdale v. Ricketts,* 233 Ga. 60 (209 SE2d 631) (1974); *Browning v. State,* 150 Ga. App. 712 (259 SE2d 136) (1979). And the court was further authorized to find that appellant's attorney effectively represented him, notwithstanding the alleged fact that the attorney only conferred with him for three or four minutes prior to the decision to plead guilty. *Barksdale v. Ricketts,* supra.

After the pronouncement of a sentence a ruling on a motion to withdraw a guilty plea is within the sound discretion of the trial court. This discretion will not be disturbed on appeal unless manifestly abused. The evidence in the instant case amply supports a finding that appellant's pleas of guilty were knowingly and voluntarily made, contrary to any assertions made subsequent to the pronouncement of sentence. There was no abuse of discretion in denying appellant's motion to withdraw those pleas. *Thomas v. State,* 231 Ga. 298 (201 SE2d 415) (1973).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED FEBRUARY 14, 1980 — DECIDED,
APRIL 16, 1980.

*George W. Woodall,* for appellant.

David L. Crump, *pro se.*
*Claude N. Morris, District Attorney, Howard S. McKelvey, Jr., Assistant District Attorney,* for appellee.