## 37603. WHARTON v. JONES.

CLARKE, Justice.

The issue before us in the state's appeal from a grant of habeas corpus is whether petitioner was denied effective assistance of counsel. Petitioner Jones pled guilty to two counts of burglary and two counts of theft by taking and was sentenced to five years for each count of burglary, five years for one count of theft by taking and two years for the other count of theft by taking. The habeas court found that he had received ineffective assistance of counsel. We affirm.

An attorney with the public defender's office was appointed to

represent Jones. His affidavit shows that he arranged a plea bargain and encouraged Jones to come to court during the October term rather than waiting until January in the hope that he would receive a lighter sentence. Jones did not appear on the day scheduled. The attorney, after locating him, informed him that he should appear. Jones told him that he was not prepared to come to court at that time and did not contact him again. According to Jones' testimony at the habeas hearing, he did not appear in court on the appointed day because he had decided to have some elective surgery.

In December, 1979, the lawyer left the public defender's office and left all his files and cases in the office. Sometime in January, 1980, another lawyer took over the office. The habeas court found that due to poor record keeping in the office the new attorney was unaware of the Jones case. Jones appeared in court January 28, 1980. The court, ascertaining that Jones was unrepresented, appointed the new public defender to represent him for the purpose of entering the guilty plea. The court instructed the attorney to discuss the case with Jones, which he did for a short time in the courtroom. Following this discussion, Jones entered a plea of guilty to two counts of burglary and two counts of theft by taking and received a sentence totaling seventeen years. In October, 1980, the Superior Court of Screven County entered an order nunc pro tunc, nolle prossing the two counts of theft by taking as having merged with the burlary counts and reducing the sentence to ten years.

The habeas court found that the second lawyer did not have sufficient time to investigate the case and that Jones therefore received ineffective assistance of counsel, rendering his guilty plea involuntary.

The state, in appealing from the grant of habeas corpus, argues that the duty of an attorney representing a defendant at a guilty plea is limited to determining that the plea is entered voluntarily and knowingly. Carbo v. United States, 581 F2d 91 (5th Cir. 1978); Collins v. Green, 505 F2d 22 (5th Cir. 1974). Further, the length of time spent in consultation is only one factor to be considered and, without more, will not establish ineffective assistance of counsel. Carbo, supra; Jones v. Henderson, 549 F2d 995, cert. denied, 434 U. S. 840 (1977). We have agreed with these holdings and have held that the mere fact that counsel was appointed shortly before the plea was entered does not alone render the plea involuntary. We have also followed the rule that when a person indicates a desire to enter a guilty plea, the duty of counsel is limited to ascertaining whether the decision to plead is voluntarily and knowingly made. *Walker v. Hopper,* 234 Ga. 123 (214 SE2d 553) (1975).

Here the attorney who entered the guilty plea testified that his

only meeting with Jones took place at the courthouse immediately before the plea was entered and that it was very brief. The brevity of the meeting was only one of the factors which persuade us that assistance of counsel was ineffective. The attorney who entered the plea had been employed as an attorney for only one month before he became employed as Public Defender for the Ogeechee Judicial Circuit. The first public defender did not discuss the Jones case with the second one at any time. The Jones file was in the public defender's office, but apparently the second lawyer did not realize that the case was pending until the day of the plea. He had no knowledge of the earlier plea bargain arranged by the first lawyer. Finally, the second lawyer allowed Jones to plead guilty to two charges of theft by taking which the court some months later nolle prossed nunc pro tunc.

The peculiar circumstances in this case differ from those in *Walker v. Hopper,* 234 Ga. 123, supra. Jones' original counsel had knowledge of the background of the case and of the possibilities in the event of a plea. This is the kind of information which makes the difference between an intelligent and unintelligent decision on whether or not to plead guilty. In spite of this, the first lawyer failed to preserve the information and impart it to his successor.[1] As a consequence, the second lawyer was in the position of representing Jones without the benefit of important information. Not only does this cast doubt upon the intelligence of the decision made by Jones, it indicates that his second lawyer was not himself in a position to advise his client intelligently. If a lawyer cannot counsel his client intelligently, the client can hardly be expected to act intelligently.

Therefore, under the facts of this case, we hold that Jones was not given the assistance necessary to make an intelligent plea.

*Judgment affirmed. Jordan, C. J., Hill, P. J., Smith and Gregory, JJ., concur. Marshall, J., concurs in the judgment only.*

DECIDED SEPTEMBER 30, 1981.

---

[1] The Code of Professional Responsibility, adopted in this state and codified in Code Ann. Title 9 Appendix, Part III, Chapter I, as part of the Rules and Regulations for the Organization and Government of the State Bar of Georgia (hereinafter "Bar Rules"), is the same as the American Bar Association Model Code of Professional Responsibility except for a few exceptions which are not applicable here. The rules of the State Bar of Georgia require that a lawyer who undertakes representation complete the work involved. Bar Rule 3-102, EC 2-31. The rules also provide that a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid forseeable prejudice to the rights of his client. Bar Rule 4-102, Standard 22.

*Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellant.
*Hulane George,* for appellee.