## 67639. SMITH v. THE STATE.

BIRDSONG, Judge.

Larry Smith was convicted on his plea of guilty on October 26, 1981, to manufacturing and growing marijuana. A full and extensive inquiry was made by the trial court into the providence of that plea. Smith persisted in his plea of guilty, acknowledging his guilt to the court. In spite of the trial court's refusal to accept a recommendation by the state that appellant serve a sentence of five years on probation, Smith continued to insist upon his plea of guilty even after the trial court sentenced him to ten years on probation and a $5,000 fine.

Two years after Smith began to serve his probated sentence, he still had paid no more than $175 of the fine leaving an unpaid amount of $4,825 even though the trial court had modified the terms of

probation a year earlier to a payment schedule of $100 per month. In November, 1982, Smith committed burglaries of three separate houses in McDuffie County. He confessed to these crimes and entered pleas of guilty thereto in March 1983. A petition for revocation of probation was filed in February, 1983, based upon failure to make payments of the fine and these burglaries. In May 1983, after a hearing on that petition, Smith's probation was vacated and he was remanded for service of the remainder of the ten-year sentence. At that hearing, Smith did not contest that he had not paid the fine nor the conviction of the three burglaries. His only complaint was that he was not guilty of growing or manufacturing marijuana and should not have to pay the fine. Smith filed a notice of appeal on June 2, 1983. On October 31, 1983, Smith was ordered by this court to file an enumeration of errors and brief not later than November 7, 1983, or suffer dismissal of the appeal pursuant to Rule 27 (a) and Rule 14 of this court. To date no such enumeration of error or brief has been filed in support of notice of appeal notwithstanding the order of this court. It is apparent therefore that the appeal has been abandoned. See *Henry v. State,* 162 Ga. App. 108 (290 SE2d 210).

Nevertheless, considering the fact that Smith has suffered the loss of his freedom, rather than order dismissal, we have carefully examined the record and transcripts to preclude any prejudice to the rights of the appellant Smith. Our examination of the file disclosed no harmful error. There can be no serious doubt that Smith's guilty plea in 1981 was freely and voluntarily entered and he was given every opportunity to withdraw that plea and seek the full panoply of rights afforded in a not guilty contest. See *Browning v. State,* 150 Ga. App. 712, 713 (259 SE2d 136). Moreover, the evidence presented to the trier of fact concerning the violation of the terms of the probation vacated was of such a nature and quantity to more than satisfy the standard demanded, i.e., that in revocations of probation there need be only slight evidence, and not of such a quality or quantity as will sustain a conviction of crime. See *Williams v. State,* 166 Ga. App. 798, 800 (305 SE2d 489).

In the absence of any harmful error and further considering the abandonment of the appeal because of the failure to file an enumeration of error or supporting brief, we will affirm the judgment. *Ward v. State,* 165 Ga. App. 166 (300 SE2d 193).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 13, 1984.

Larry E. Smith, *pro se.*

*Sam B. Sibley, Jr., District Attorney,* for appellee.