### 71510. TAHAMTANI v. THE STATE.
(338 SE2d 488)

BANKE, Chief Judge.

Upon his plea of guilty to two counts of simple battery, the appellant was sentenced to pay a fine and to serve 12 months in jail. The accusation charged that on two separate occasions, about a month apart, the appellant had made physical contact of an insulting and provoking manner with certain named individuals without their consent. This appeal is from the denial of the appellant's motion to withdraw his guilty plea, based on alleged ineffective assistance of counsel.

The appellant testified at the hearing on the motion that his retained counsel had met with him for only about a half-an-hour immediately prior to his guilty plea hearing and had informed him at that time that if he pled guilty, any sentence he received would be probated. The appellant admitted at the hearing that he had committed the offenses for which he was sentenced.

The only other evidence presented by the appellant at the hearing was the testimony of a psychiatrist to the effect that the 12-month jail term was not an appropriate sentence for him. This psychiatrist further testified that he had found no basis for an insanity defense.

At the time of sentencing, the defendant signed a "Guilty Plea Statement," consisting of a compendium of questions and answers regarding his rights. The appellant acknowledged in this statement both his satisfaction with his attorney and his understanding that the state would ask that he serve some term of confinement for the offenses. *Held*:

"[T]he length of time spent in consultation is only one factor to be considered and, without more, will not establish ineffective assistance of counsel. [*Carbo v. United States*, 581 F2d 91 (5th Cir. 1978)]" *Wharton v. Jones*, 248 Ga. 265, 266 (282 SE2d 310) (1981). On the basis of the evidence before it, the trial court in this case was authorized to conclude that the appellant's pleas were freely and voluntarily entered and were not influenced by any promises regarding the possible sentence to be imposed. "After the pronouncement of a sentence, a ruling on a motion to withdraw a guilty plea is within the sound discretion of the trial court. This discretion will not be disturbed on appeal unless manifestly abused." *Crump v. State*, 154 Ga. App. 359, 360 (268 SE2d 411) (1980). We find no such abuse of discretion in this case.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 15, 1985 —
REHEARING DENIED NOVEMBER 22, 1985 —

*Herbert Shafer*, for appellant.

*James L. Webb, Solicitor, W. Thomas Weathers III, Richard Edwards, Assistant Solicitors*, for appellee.