## 75189. SCOTT v. THE STATE.
(365 SE2d 127)

McMurray, Presiding Judge.

Appellant entered a plea of nolo contendere to simple battery and was sentenced to 12 months in jail and payment of a $100 fine, with the provision that the jail term be suspended upon payment of the fine and converted to 12 months of unsupervised probation. Appellant paid the fine and subsequently filed a motion to vacate (withdraw) his plea, alleging in pertinent part ineffective assistance of counsel.

At a hearing, appellant argued that "in a way [he] did understand what was going on and another way [he] didn't . . ." when he entered his plea, that he was "completely unprepared for it" and that he did not believe his retained counsel "advised [him] correctly on what the law states about the offense of simple battery." Although appellant asserted a variety of arguments which were unrelated to the "knowing and voluntary" nature of his plea, no other relevant evidence was offered by appellant at the hearing.

The following evidence was adduced, in pertinent part, at the hearing in which appellant entered his plea: "THE COURT: Are you Jimmie Lee Scott? [APPELLANT]: Yes, sir. THE COURT: Mr. Scott, do you understand that you are charged with simple battery? Do you understand the charges? [APPELLANT]: Yes, sir. THE COURT: You understand the rights that you give up when you plead nolo contendere or guilty? [APPELLANT]: Yes, sir. THE COURT: All right. Do you understand that the maximum sentence is 12 months in custody and a $1,000.00 fine that this Court can impose on this offense? [APPELLANT]: Yes, sir. THE COURT: You are represented by Mr. Farnham? [APPELLANT]: Yes, sir. THE COURT: And he is here in court with you today? [APPELLANT]: Yes, sir. THE COURT: And you have explained this charge to him and he has explained to you the charge and the rights you give up when you enter a plea, the maximum sentence, that sort of thing? [APPELLANT]: Yes, sir. THE COURT: Okay. Are you satisfied with his services? [APPELLANT]: Yes, sir. THE COURT: And is your plea voluntary? [APPELLANT]: Yes, sir. THE COURT: All right. I find it to be voluntary. Mr. Farnham, do you want to say anything on his behalf? [DEFENSE ATTORNEY]: Yes, Your Honor. Mr. Scott is a man of great principles, and this particular charge of simple battery against him, he has opted to receive first offender treatment and he understands that this is generally used for felony charges, however, he has never had any charges brought against him in his entire lifetime and he feels in this particular issue, since the issue of simple battery, that he takes extremely serious and would not like to have something like that on his record. Under the circumstances, he wishes to opt for

that privilege at this time. [STATE'S ATTORNEY]: Your Honor, we are recommending a $100.00 fine, 12 months probation, and that Mr. Scott be ordered to stay away from [the victim] and [the victim's mother] . . . THE COURT: . . . All right. Mr. Scott, I accept your nolo contendere plea. As I said, I find it to be voluntary. I order that you pay a fine of $100.00 serving 12 months on non-reporting probation. And as a condition of your probation, you are not to go about or contact or have any harassing conduct in person or by phone or mail or any other way with [the victim] or [the victim's mother]. Leave them alone, stay away from them. [APPELLANT]: That's easy to do."

Additionally, appellant executed a document entitled "RECORD OF DEFENDANT PRIOR TO ENTERING PLEA," which provided, in pertinent part, as follows:

"I am not under the influence of alcohol or drugs and I am not suffering from any mental or physical disability.

"I have been advised of the nature of the charge against me, the maximum and minimum punishment provided by law and my right to be represented by a private attorney, or by a public defender, if I am eligible.

"I understand that by entering a plea of guilty or nolo contendere that I waive:

The right to trial by jury;

The presumption of innocence;

The right to confront witnesses against me;

The right to subpoena witnesses;

The right to testify and to offer other evidence;

The right to assistance of counsel during trial; and

The right not to incriminate myself.

"I also understand that by pleading not guilty I will obtain a jury/bench trial. If I choose to remain silent and not enter a plea, a plea of not guilty will be entered on my behalf and I will obtain a jury trial.

"I now desire to enter my plea of NOLO CONTENDERE to the charge against me. It is free and voluntary. I have not been told what sentence will be imposed. No promises or threats have been made to me by any District Attorney, Solicitor, Lawyer, Policeman or other person to induce me to enter this plea.

"I understand that if I am placed on non-reporting or reporting probation, I cannot violate any criminal laws of any governmental unit or any special conditions of probation without being subject to revocation for the balance of the sentence.

"I hereby acknowledge/waive receipt of a copy of the accusation in the above-styled case. I swear under penalties of perjury that these statements are true."

The trial court denied appellant's motion to vacate (withdraw) his plea of nolo contendere and appellant filed this appeal, pro se. *Held*:

1. First, the State seeks dismissal of appellant's appeal, arguing that it is moot because appellant paid the entire $100 fine prior to filing his notice of appeal.

In *Baker v. State*, 240 Ga. 431 (241 SE2d 187), the Supreme Court dismissed the appeal as moot because the appellant had served his sentence prior to consideration of the appeal. More recently, this court dismissed the appeal in *Gamble v. State*, 181 Ga. App. 871 (354 SE2d 174), for virtually the same reasons. Contrary to the State's contentions, however, these holdings are not dispositive in the case sub judice because appellant has not served his entire sentence. Appellant remains on probation through March 23, 1988. Compare *Chaplin v. State*, 141 Ga. App. 788, 789 (1) (234 SE2d 330). Accordingly, we shall address the merits of appellant's appeal.

2. In his tenth enumeration of error, appellant contends "[t]he plea-bargaining system is illegal, because it violates the U. S. Const. Amend. 5, 6 and 14." We have examined appellant's briefs and enumerations of errors in their entirety and we find no argument or citation of authority to support this assertion. Consequently, this enumeration of error is deemed abandoned pursuant to Rule 15 (c) (2) of the Rules of the Court of Appeals of Georgia. See *Isbell v. State*, 179 Ga. App. 363, 366 (3) (346 SE2d 857).

3. With regard to appellant's assertions of ineffective assistance of counsel, our Supreme Court has "followed the rule that when a person indicates a desire to enter a guilty plea, the duty of counsel is limited to ascertaining whether the decision to plead is voluntarily and knowingly made. *Walker v. Hopper*, 234 Ga. 123 (214 SE2d 553) (1975)." *Wharton v. Jones*, 248 Ga. 265, 266 (282 SE2d 310). In the case sub judice, appellant presented no competent evidence showing that his retained counsel breached this duty. On the contrary, before entering his plea, appellant affirmed that his attorney explained to him the consequences of entering a plea. Appellant also responded affirmatively to the trial court's inquiry as to whether he was satisfied with his attorney's representation. See *Spriggs v. State*, 139 Ga. App. 586, 587 (2) (228 SE2d 727).

Contrary to appellant's assertions, nothing in the record or transcripts suggests that defense counsel acted other than honestly, diligently and in good faith. Compare *Wharton v. Jones*, 248 Ga. 265, supra. On the basis of the evidence before the trial court in the case sub judice, the court was authorized to conclude that appellant's plea was freely and voluntarily entered and was not adversely influenced by his attorney's representation. " 'After the pronouncement of a sentence, a ruling on a motion to withdraw a guilty plea is within the

sound discretion of the trial court. This discretion will not be disturbed on appeal unless manifestly abused.' *Crump v. State*, 154 Ga. App. 359, 360 (268 SE2d 411) (1980)." *Tahamtani v. State*, 177 Ga. App. 52, 53 (338 SE2d 488). We find no such abuse of discretion in the case sub judice. See Annotations, "Adequacy of Defense Counsel's Representation of Criminal Client Regarding Guilty Pleas," 10 ALR4th 8 (1981).

4. Appellant's remaining assertions have either been rendered moot or are not relevant to this appeal.

*Judgment affirmed. Sognier and Beasley, JJ., concur. Beasley, J., also concurs specially.*

BEASLEY, Judge, concurring specially.

I fully concur. As to the validity of the plea, compare *Strickland v. State*, 185 Ga. App. 444 (364 SE2d 872) (1987).

DECIDED JANUARY 4, 1988 —
REHEARING DENIED JANUARY 19, 1988 —

Jim Scott, *pro se.*
Ralph T. Bowden, Jr., Solicitor, Elliott Shoenthal, Debra J. Blum, Assistant Solicitors, Michael J. Bowers, Attorney General, for appellee.