76757. HARRISON v. THE STATE.
(373 SE2d 78)

POPE, Judge.

The defendant appeals, pro se, his conviction of the offense of being an habitual violator.

1.(a) Defendant first argues the indictment was insufficient because it did not allege a date, time or place. The record shows, however, that defendant, who was represented by counsel of his own choosing at trial, waived indictment and the State proceeded on an accusation as to which defendant entered a plea of guilty. The record also shows that the accusation plainly stated the nature of the offense charged, including the county where it occurred and the date of occurrence. " 'A plea of guilty is a conviction of the highest order and waives all defenses other than that the *indictment charges no crime.*' *Hilliard v. State*, 87 Ga. App. 769, 773 (75 SE2d 173) (1953)." *Williams v. State*, 174 Ga. App. 506, 507 (330 SE2d 435) (1985). This the defendant does not contend. We find no error.

(b) Defendant also urges that we overturn his conviction because the evidence was insufficient to show he was operating a motor vehi-

cle. A plea of guilty, however, admits all averments of fact set forth in the accusation or indictment. E.g., *Williams*, supra; *Hilliard v. State*, 87 Ga. App. 769, 773 (75 SE2d 173) (1953). In the case at bar the accusation provided, in pertinent part, that defendant "did unlawfully operate a motor vehicle upon a public road, street and highway. . . ." Consequently, this argument is also without merit. Accord *Carroll v. Holt*, 251 Ga. 144 (304 SE2d 60) (1983).

2. In his next two enumerations of error defendant complains of testimony by his parole officer concerning statements made by the defendant to the parole officer about the incident. Defendant also contends that these statements were improperly used against him. Again the record does not support defendant's contentions, but shows instead that the parole officer testified at defendant's request after defendant had entered his guilty plea and that defendant offered the testimony in hopes of persuading the trial court to show leniency in sentencing him. Moreover, no objection was entered at the time the testimony was offered. Accordingly, defendant cannot now be heard to complain.

3.(a) Defendant argues that he was improperly enticed to plead guilty by his attorney, who, defendant contends, "insinuated" that he "had spoken or made a deal with the judge" concerning defendant's sentence. The record, however, is devoid of evidence that the trial court engaged in any negotiations with defendant or his attorney concerning the entry of defendant's plea. As to any agreements concerning defendant's sentence, the record shows only that the State and the defendant had been unable to agree on a recommended sentence prior to the entry of defendant's plea, and that defendant was informed prior to the entry of his plea that the trial court could impose the maximum sentence for his offense. The defendant also testified that no promises had been made in order to entice him to plead guilty. " 'A defendant's subjective hopes and unfulfilled desires, not induced by the court or state, are not good grounds for attacking [a guilty] plea and sentence. (Cits.)' [Cit.]" *Smith v. State*, 174 Ga. App. 238, 241 (329 SE2d 507) (1985). Cf. *Skomer v. State*, 183 Ga. App. 308 (358 SE2d 886) (1987).

(b) Defendant also alleges the trial court erred in refusing to allow him to withdraw his guilty plea once he realized the court intended to impose the maximum sentence. Although the record shows that defendant tried to persuade the court to reconsider the sentence, the record contains no evidence that defendant attempted to withdraw his plea. This argument is without merit.

4. Similarly, defendant complains of ineffective assistance of counsel because his attorney did not inform him that he would be unable to withdraw his plea; thus, defendant argues his plea was not knowingly given. " '[W]hen a person indicates a desire to enter a

guilty plea, the duty of counsel is limited to ascertaining whether the decision to plead is voluntarily and knowingly made. *Walker v. Hopper*, 234 Ga. 123 (214 SE2d 553) (1975).' *Wharton v. Jones*, 248 Ga. 265, 266 (282 SE2d 310) [(1981)]. In the case sub judice, [defendant] presented no competent evidence showing that his retained counsel [failed to inform defendant of the consequences of his plea or otherwise] breached this duty." *Scott v. State*, 185 Ga. App. 568, 570 (365 SE2d 127) (1988). On the contrary, the record here clearly demonstrates that defendant's plea was entered after proper advice and with a full understanding of the consequences. We find no error.

5. Lastly, defendant is mistaken in his contention that revocation of his parole for a previous habitual violator offense constituted double jeopardy.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 13, 1988.

Billy Harrison, *pro se.*
*Frank C. Winn, District Attorney*, for appellee.