A93A0217. THOMPSON v. THE STATE.
(432 SE2d 250)

SMITH, Judge.

Charles Edward Thompson was charged by accusation with two felonies, possession of cocaine and obstruction of a law enforcement officer. He pleaded guilty to the cocaine possession charge and the other accusation was dropped. In *Thompson v. State*, 204 Ga. App. 220 (419 SE2d 541) (1992), this court rejected Thompson's contention that his plea was not knowingly and voluntarily entered, but remanded the case for consideration of his claim of ineffective assistance of counsel. After a hearing, the trial court concluded Thompson's trial counsel provided effective assistance during the prior proceeding, and Thompson filed this appeal.

At the hearing, trial counsel testified that he met with appellant

on a number of occasions to discuss the case, and appellant insisted from the beginning that he wished to plead guilty. Counsel testified that after he reviewed the district attorney's file, which included witness statements, documents detailing appellant's lengthy criminal record, and the crime lab report of the cocaine found in appellant's possession, he encouraged appellant to go forward with a jury trial, but appellant declined to do so. Trial counsel did succeed in persuading the prosecutor to drop the obstruction charge before the plea was entered. Although appellant testified he suffered from a mental or emotional disorder, counsel explained that he had sought no psychiatric tests because appellant appeared coherent and intelligent and did not mention his prior medical history. Appellant denied that counsel had advised against a guilty plea. He stated his understanding had been that an insanity plea was to be entered, although no plea of insanity was mentioned at the plea hearing.

" 'When a person indicates a desire to enter a guilty plea, the duty of counsel is limited to ascertaining whether the decision so to plead is voluntarily and knowingly made.' [Cits.]" *Walker v. Hopper*, 234 Ga. 123, 125 (1) (214 SE2d 553) (1975). Appellant has presented no evidence to show that his trial counsel breached this duty. "On the contrary, before entering his plea, appellant affirmed that his attorney explained to him the consequences of entering a plea [and] also responded affirmatively to the trial court's inquiry as to whether he was satisfied with his attorney's representation. [Cit.]" *Scott v. State*, 185 Ga. App. 568, 570 (3) (365 SE2d 127) (1988). The record shows that trial counsel had ample time to evaluate the merits of the State's case, confer with appellant and advise him of his options, and assess appellant's understanding of the consequences of his actions. Compare *Wharton v. Jones*, 248 Ga. 265 (282 SE2d 310) (1981).

The gist of appellant's argument on appeal is that trial counsel failed to file all the motions and conduct all the inquiries that might have been advisable had the case proceeded to trial. However, in *Walker*, supra, the Supreme Court rejected a similar contention, holding that when a defendant has previously stated an intention to plead guilty, the representation is adequate if counsel had sufficient opportunity to determine whether the plea was knowing and voluntary. The trial court's finding on this issue was not clearly erroneous, and we affirm the judgment below.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 3, 1993

*Closson & Bass, J. Michael Bass*, for appellant.
*H. Lamar Cole, District Attorney, Robert T. Gilchrist, Assistant*

*District Attorney*, for appellee.