IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2007

Charles R. Fulbruge III
Clerk

No. 06-40486
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JAIME GUTIERREZ-BAUTISTA,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:05-CR-2210

Before SMITH, WIENER, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

We withdraw the opinion released July 27, 2007, and issue the following.

Defendant-Appellant Jaime Gutierrez-Bautista pleaded guilty without a plea agreement to being unlawfully present in the United States after deportation. In calculating the advisory Sentencing Guideline range of imprisonment, the district court applied a 16-level increase under U.S.S.G. § 2L1.2(a), concluding that Gutierrez-Bautista had previously been convicted in Georgia of a drug trafficking offense, within the meaning of the Guidelines.[1]

---

[1] U.S.S.G. § 2L1.2, cmt. n.1(B)(iv).

Gutierrez-Baustista asserts that the Georgia conviction was not for such an offense and therefore that the enhancement was error.

He further contends that 8 U.S.C. § 1326(b)(1) and (2) are facially unconstitutional because these provisions treat prior felony and aggravated felony convictions as sentencing factors, rather than elements of a crime requiring a finding of proof beyond a reasonable doubt, citing Apprendi v. New Jersey.[2] He additionally contends that these provisions are unconstitutional as applied to him because even if a prior conviction had been proven beyond a reasonable doubt, the indictment did not allege that he was deported after he was convicted of a felony or an aggravated felony. We affirm.

I

As indicated, Gutierrez-Bautista entered a guilty plea to being unlawfully present in this country after he had been deported. The Presentence Report (PSR) assigned Gutierrez-Bautista a base offense level of eight pursuant to U.S.S.G. § 2L1.2(a); a 16-level increase under § 2L1.2(b)(1)(A)(i), concluding that a prior 1999 Georgia conviction was for trafficking in methamphetamine; and a three-level decrease pursuant to U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility. Gutierrez-Bautista's criminal history of five resulted in a criminal history category of IV. The PSR calculated an advisory guideline sentencing range of 57 to 71 months of imprisonment.

Gutierrez-Bautista filed two objections to the PSR, contending that (1) the enhancement of his sentence under 8 U.S.C. § 1326(b) was unconstitutional in view of Apprendi v. New Jersey,[3] and (2) the 16-level enhancement was improper, because his prior Georgia conviction was not a "drug trafficking offense" under § 2L1.2(b)(1)(A)(i). The district court overruled Gutierrez-

---

[2] 530 U.S. 466 (2000).

[3] Id.

2

Bautista's objections and sentenced him to 60 months of imprisonment. Gutierrez-Bautista timely filed a notice of appeal.

II

Gutierrez-Bautista was sentenced after the Supreme Court issued its decision in United States v. Booker.[4]  He challenged the enhancement of his sentence under § 2L1.2(b)(1)(A) in the district court.  Accordingly, we review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error.[5]

A 16-level enhancement is imposed under the Sentencing Guidelines when a person convicted of being unlawfully present in the United States has a prior felony conviction that is "a drug trafficking offense for which the sentence imposed exceeded 13 months."[6]  The commentary to the Guidelines defines "drug trafficking offense":

> "Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.[7]

In considering whether a prior conviction qualifies as a drug trafficking offense, we look to the statutory definition and elements of the offense.[8]  We may

---

[4] 543 U.S. 220 (2005).

[5] United States v. Villanueva, 408 F.3d 193, 202-03 & n.9 (5th Cir. 2005), cert. denied, 126 S. Ct. 268 (2005); see also United States v. Villegas, 404 F.3d 355, 359-61 (5th Cir. 2005).

[6] U.S.S.G. § 2L1.2(b)(1)(A)(i).

[7] U.S.S.G. § 2L1.2, cmt. n.1(B)(iv).

[8] Taylor v. United States, 495 U.S. 575, 602 (1990) (determining whether an enhancement was proper under the Armed Career Criminal Act); United States v. Garza-Lopez, 410 F.3d 268, 273 (5th Cir. 2005).

look beyond the statute if the fact-finder "necessarily had to find"[9] the elements of a "drug trafficking offense."  If a statute permits a conviction for conduct that is a "drug trafficking offense," and conduct that is not, a court may consider the charging papers, a written plea agreement, a guilty-plea transcript, jury instructions, and factual findings by the trial judge to which the defendant assented.[10]

The Georgia statute under which Gutierrez-Bautista was convicted provides, in pertinent part:

> 16-13-31    Trafficking in cocaine, illegal drugs, marijuana, or methamphetamine; penalties.
>
> . . .
>
> (e)    Any person who knowingly sells, manufactures, delivers, or brings into this state or has possession of 28 grams or more of methamphetamine, amphetamine, or any mixture containing either methamphetamine or amphetamine, as described in Schedule II, in violation of this article commits the felony offense of trafficking in methamphetamine or amphetamine . . . .[11]

Gutierrez-Bautista pleaded guilty in Georgia state court to a count in an indictment which charged that he "committed the offense of TRAFFICKING IN METHAMPHETAMINE" in that he "did . . . knowingly sell and possess a quantity of a mixture containing methamphetamine exceeding 28 grams."  It is undisputed that this indictment charged a violation of § 16-13-31(e) and that he was sentenced to 15 years' imprisonment and five years of probation.

Gutierrez-Bautista argues that the Georgia statute may be violated by

---

[9] See Taylor, 495 U.S. at 602.

[10] Shepard v. United States, 544 U.S. 13, 16-17, 20-21 (2005) (addressing enhancement under the Armed Career Criminal Act); Garza-Lopez, 410 at 273.

[11] GA. CODE ANN. § 16-13-31(e) (1999).

proof of either selling or merely possessing methamphetamine and therefore that his 1999 conviction does not constitute a "drug trafficking offense" under § 2L1.2(b)(1)(A)(i). He further urges that the district court erred in determining that he admitted both selling and possessing methamphetamine when he entered a guilty plea to the Georgia offense. The government states in its briefing in this court that "the pertinent statute alleged ways of committing the crime that do not fall within the Guidelines' definition of 'drug trafficking offense,'" but maintains that Gutierrez-Bautista pleaded guilty to both selling and possessing. We do not decide whether an admission to possessing more than 28 grams of methamphetamine in violation of Georgia law constitutes a drug trafficking offense within the meaning of the Guidelines because Gutierrez-Baustista's guilty plea admitted both selling and possessing.

We look to Georgia law to determine the effect of Gutierrez-Bautista's guilty plea.[12] Gutierrez-Bautista argues that under Georgia law, an indictment may charge an offense in the conjunctive, such as "selling and possessing," even if the statute creating the offense is in the disjunctive, such as "selling or possessing," but that proof of either will suffice to support a conviction. Therefore, he contends, a guilty plea admits only the minimal facts necessary to support a conviction. This may be the case in some jurisdictions,[13] but Georgia is not one of them.

It is true that when a Georgia statute may be violated in more than one way, Georgia state courts will sustain a conviction based on proof of one act,

---

[12] See United States v. Morales-Martinez, 496 F.3d 356, 359 (5th Cir. 2007) (holding that "we must determine the effects of a guilty plea in the jurisdiction in which Morales-Martinez actually entered his guilty plea, namely Texas state courts"), cert. denied, 2007 U.S. Lexis 11238 (U.S. Oct. 9, 2007).

[13] See Id., 496 F.3d at 359.

even if the indictment is in the conjunctive.[14]  But Georgia law establishes that a guilty plea admits all averments of fact in the indictment or accusation.[15] After a guilty plea, the defendant's only available substantive defense is that the indictment does not allege a crime.[16]  The Georgia appellate court has routinely denied attempts by defendants to later allege that, despite a guilty plea, certain factual averments are untrue.[17]

Gutierrez-Bautista's indictment makes both a factual averment that he knowingly sold methamphetamine and a factual averment that he possessed methamphetamine.  Under Georgia law, his guilty plea admits that he both sold and possessed the drug.  Moreover, in his guilty plea, Gutierrez-Bautista acknowledged he had read and understood the indictment and "was guilty as charged in the indictment."  Thus, Gutierrez-Bautista's conviction under the Georgia drug trafficking statute[18] constitutes a "drug trafficking offense" as defined by the commentary to the Guidelines[19] because he admitted selling methamphetamine.

### III

Gutierrez-Bautista also contends that § 1326(b)'s treatment of prior felony

---

[14] See, e.g., Adams v. State, 494 S.E.2d 92, 95 (Ga. Ct. App. 1997).

[15] Hilliard v. State, 75 S.E.2d 173, 176 (Ga. Ct. App. 1953).

[16] Id.

[17] See, e.g., Harrison v. State, 373 S.E.2d 78 (Ga. Ct. App. 1988) (rejecting defendant's claim that, despite his guilty plea, insufficient evidence existed to prove defendant unlawfully operated a motor vehicle and holding that a guilty plea admits all averments of fact); Williams v. State, 330 S.E.2d 435 (Ga. Ct. App. 1985) (holding that a guilty plea admits all averments of fact and rejecting defendant's claim that the officer's failure to notarize defendant's citation should void his guilty plea).

[18] GA. CODE ANN. § 16-13-31(e) (1999).

[19] U.S.S.G. § 2L1.2, cmt. n.1(B)(iv).

and aggravated felony convictions as sentencing factors, rather than as elements of the offense that must be found by a jury, is unconstitutional, both facially and as applied, in light of Apprendi. This contention is foreclosed by Almendarez-Torres v. United States,[20] in which the Supreme Court held that treatment of prior convictions as sentencing factors in § 1326(b)(1) and (2) was constitutional. Although Gutierrez-Bautista asserts that a majority of the Supreme Court would now consider Almendarez-Torres to be incorrectly decided in light of Apprendi, this argument is undercut by the Supreme Court's recent reaffirmation of Almendarez-Torres in James v. United States.[21] Since James, this court has said that arguments like Gutierrez-Bautista's "will be viewed with skepticism, much like arguments challenging the constitutionality of the federal income tax"[22] and that "this issue is 'fully foreclosed from further debate.'"[23] Gutierrez-Bautista concedes as much, raising this claim to preserve it for further review.

*        *        *

The conviction and sentence imposed by the district court are AFFIRMED.

---

[20] 523 U.S. 224, 235 (1998).

[21] 127 S.Ct. 1586, 1600 (2007).

[22] United States v. Pineda-Arrellano, 492 F.3d 624, 626 (2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

[23] Id. at 625.