A89A1464. HENDERSON v. THE STATE.
A89A1465. SMITH v. THE STATE.
(386 SE2d 408)

SOGNIER, Judge.

Robert Henderson, Jr. and Cynthia Lanier Smith were both found guilty of possession of cocaine with intent to distribute. Smith was also found guilty of misdemeanor possession of marijuana. Their appeals are consolidated in this opinion.

1. Appellant Henderson in his sole enumeration of error contends the evidence was insufficient to support his conviction. Construed to support the verdict, evidence was adduced at trial that within minutes after officers of the DeKalb County Police Department made the

second controlled buy of cocaine in two consecutive days at the same Glenwood Avenue apartment, a search warrant was executed by the narcotics squad at that apartment. Six adults, including appellants Henderson and Smith, were in the apartment and cocaine was found on the dining room table. Appellant Smith, the named lessee of the apartment, was found holding a purse containing a gun, $700, and approximately an ounce of marijuana. Appellant Henderson was discovered in the left rear bedroom near a dresser on which was located a partially open blue denim pouch or purse, about two-thirds the size of a football, enclosing 200 small ziplock bags each containing a substance subsequently identified as 99 percent pure cocaine. During the search of Henderson, police found $26,802 in cash on his person, primarily in $100 bills. Henderson also carried a telephone pager which beeped repeatedly, but when police called the numbers on the beeper the answerers hung up.

Appellant Henderson testified he was a hair stylist and that he carried the beeper so his clients could contact him. Appellant denied knowing that cocaine sales were being conducted in the apartment while he was present, that cocaine was in plain view in the dining area of the apartment, or that the partially unzipped pouch on the dresser in the room where he was found contained cocaine. Appellant explained that the money he was carrying was for the purchase of a day care center business he and other members of his family intended to buy and that only $6,000 was his personal contribution to the intended purchase, the rest constituting cash contributions of other family members. Appellant testified that although he had both a checking account and a savings account at banking institutions, his $6,000 share of the money was from savings he kept at home in $100 bill denominations. Appellant stated he carried the money to a meeting regarding the contemplated purchase but when nothing came of the meeting he retained the money with the intention of taking it to his bank the following day and obtaining a cashier's check. The State introduced testimony from the day care center's owner at the time in question and various real estate agents and others from which the jury would have been authorized to find that the negotiations for any possible sale of the day care center were at a very preliminary stage.

" 'To warrant a conviction on circumstantial evidence, proved facts shall not only be consistent with the hypothesis of guilt but shall exclude every other reasonable hypothesis save that of the guilt of the accused. (Cits.) The evidence was all circumstantial. If separated, and divided into segments, no one segment would be sufficient to convict. But when added together, as a whole it is sufficient to warrant a conviction, and it excludes every other reasonable hypothesis save that of guilt of the accused. (Cits.) In such cases it is not necessary that the circumstances remove every possibility of the defendant's innocence.

(Cits.)' [Cits.] The evidence in the case sub judice satisfied this standard and was such that any rational trier of fact could find [appellant Henderson] guilty beyond a reasonable doubt of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [1979]. [Cits.]" *Skinner v. State*, 188 Ga. App. 458, 459 (1) (373 SE2d 271) (1988).

2. Appellant Smith contends the trial court erred by denying her amended motion for new trial in which she asserted she was denied effective assistance of counsel by her trial counsel in regard to certain pretrial matters. Appellant argues that her trial counsel was ineffective because he failed to persuade her to permit him to pursue plea bargaining. Appellant does not deny she explicitly instructed her trial counsel that she would not testify against appellant Henderson, and the evidence at the hearing on her motion clearly established that "the only way" the State would have been willing to plea bargain with appellant would have been in exchange for her testimony against Henderson. The evidence also established that appellant's trial counsel had informed her of the State's non-negotiable condition to entertaining any offer to plea bargain and that appellant had rejected the idea. Appellant also argues that her trial counsel was ineffective because he failed to persuade her to permit him to proffer a plea of guilty to any of the charges against her. However, appellant's trial counsel testified that in addition to her instruction to him about refusing to testify against Henderson, she also had instructed him she did not want to plead guilty if it resulted in any jail time, and appellant's own testimony at the hearing established she had agreed to plead guilty only for a probated sentence or for time she had already served. Although at the hearing appellant could not remember or denied being so informed, her trial counsel testified that he had informed appellant of the nature of the charges pending against her, the penalties involved, and had discussed the evidence with her, including the fact that the marijuana and gun were found on her person and that she was the named lessee of the apartment where the cocaine was found. The transcript also reveals that appellant was necessarily familiar with what evidence the State had against her because that evidence had been presented in the first trial of herself and Henderson, which had ended in a mistrial (apparently as the result of a procedural error).

"To establish that there has been actual ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. In order to prove the defense has been prejudiced, defendant must show there is a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional deficiencies. [Cit.]" *Baggett v. State*, 257 Ga. 735 (1) (363 SE2d 257) (1988). As to the

plea bargaining issue, we do not agree with appellant that her trial counsel provided ineffective counsel when, after providing her with the information she needed to make intelligent decisions about her legal situation, he did *not* behave unprofessionally so as to violate applicable disciplinary rules and ethical guidelines by disregarding her explicit instructions to him and by "persuading" her to do that which she had already refused, for nonlegal reasons. As to the guilty plea issue, the facts detailed above are adequate to show that appellant received individualized attention by competent, independently retained counsel, see *Walker v. Hopper*, 234 Ga. 123, 125-126 (1) (214 SE2d 553) (1975), who was both in a position to counsel his client intelligently and did so. Compare *Wharton v. Jones*, 248 Ga. 265, 267 (282 SE2d 310) (1981) (counsel's ignorance of important information resulted in failure to counsel intelligently client who entered guilty plea). It is thus apparent that appellant rejected the certainty of a plea bargained sentence for the uncertainty of a jury trial. See *Cook v. State*, 255 Ga. 565, 581 (17) (f) (340 SE2d 843) (1986).

"Counsel's actions are usually based, quite properly, on informed strategic choices *made by the defendant* and on information supplied by the defendant. . . . [W]hen a defendant has given counsel reason to believe that pursuing certain [matters] would be fruitless or even harmful, counsel's failure to pursue those [matters] may not later be challenged as unreasonable." *Strickland v. Washington*, 466 U. S. 668, 691 (104 SC 2052, 80 LE2d 674) (1984). Further, since appellant was required to show not only that trial counsel's performance was deficient but also that the alleged deficient performance prejudiced her defense, *Foote v. State*, 188 Ga. App. 304, 305 (372 SE2d 843) (1988), which appellant failed to do, the evidence in this case supports the trial court's finding of effective assistance of counsel and accordingly we hold that the trial court did not err by denying appellant's motion for new trial. See generally *Thompson v. State*, 188 Ga. App. 508, 509 (373 SE2d 292) (1988).

*Judgments affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1989.

*Crecelius & Crecelius, Bill W. Crecelius, Jr.*, for appellant (case no. A89A1464).

*John D. McCord III*, for appellant (case no. A89A1465).

*Robert E. Wilson, District Attorney, Thomas S. Clegg, Robert M. Coker, Assistant District Attorneys*, for appellee.