## A92A1280. WATKINS v. THE STATE.
(426 SE2d 26)

SOGNIER, Chief Judge.

Calvin Watkins was convicted of possession of cocaine with intent to distribute. OCGA § 16-13-30 (b). Because it was Watkins' second conviction for a crime set forth in that statute, he received a life sentence. Id. at (d). He appeals.

Appellant contends the trial court erred by denying his motion for a new trial made on the basis that he received ineffective assistance from his trial counsel, Terence Kelly. " 'Under the holding in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), there is a two-pronged test for determining the validity of a claim of ineffective assistance of counsel: whether (1) counsel's performance was deficient; and whether (2) this deficiency prejudiced the defense (there is a reasonable possibility that the outcome of the proceedings would have been different, but for counsel's deficiency). (Cit.)' [Cit.]" *Ruffin v. State*, 201 Ga. App. 792 (2) (412 SE2d 850) (1991).

1. Contrary to appellant's assertion, Kelly's post-judgment action in obtaining the trial court's permission to withdraw as appellant's counsel so that other counsel could be appointed to raise the issue of ineffective assistance of counsel did not indicate that Kelly himself acknowledged he rendered ineffective assistance at trial but instead showed that Kelly acted in accordance with his ethical responsibilities to his client and to the judicial process. See *Castell v. Kemp*, 254 Ga. 556 (331 SE2d 528) (1985).

2. The record fails to support appellant's claim that there was a total failure of trial preparation so as to require a disposition of this case like that reached in *Ross v. Kemp*, 260 Ga. 312 (393 SE2d 244) (1990) and *Cochran v. State*, 262 Ga. 106, 107-108 (2) (414 SE2d 211) (1992). The record reflects that Kelly filed his appearance on appellant's behalf in June 1990, a month after appellant's indictment and three months before trial; that Kelly filed numerous demands, requests, and discovery motions, including a motion challenging the constitutionality of the life sentence provision in OCGA § 16-13-30 (d); that Kelly submitted written requests to charge and filed a written motion requesting certain charges be given the jurors prior to the commencement of the case; that he moved for disclosure of impeaching evidence regarding appellant's claim that the arresting officer had

planted the contraband on him, thereby perfecting the record regarding the officer's testimony on this issue; and that in addition to cross-examining the State's witnesses and calling witnesses on appellant's behalf, Kelly used a videotape of the arrest scene in conjunction with defense witnesses' testimony to support appellant's testimony and rebut the police officer's testimony.

"In determining the effectiveness of counsel, the court looks to the totality of the representation provided by counsel. A defendant's right to effective assistance of counsel does not guarantee errorless counsel or counsel judged ineffective by hindsight, but counsel likely to render and rendering reasonably effective assistance." (Citations, punctuation, and emphasis omitted.) *Penaranda v. State,* 203 Ga. App. 740, 745 (417 SE2d 683) (1992). The trial court's denial of appellant's motion for a new trial made on the basis that he received ineffective assistance of counsel because of Kelly's total failure to prepare for trial was not clearly erroneous and thus will not be reversed. Id.

3. The main thrust of appellant's ineffectiveness claim involves Kelly's failure to object at trial to the State's introduction of appellant's 1989 conviction for possession of cocaine with intent to distribute. Appellant's 1989 conviction was introduced in the trial of the case sub judice as evidence of a similar transaction. The trial transcript reflects that after the officer who arrested appellant in 1989 testified regarding some of the circumstances surrounding the arrest, a certified copy of the 1989 indictment, plea, and conviction were tendered into evidence.

Appellant asserts that the 1989 conviction was unconstitutionally obtained because it resulted from his then-attorney's deficient representation, specifically, counsel's failure to file a motion to suppress, which appellant alleges would have been granted if filed because the police officer who arrested appellant lacked probable cause to stop and search him. Relying solely on the contention that he was unaware of his then-attorney's alleged defective performance in failing to file the motion to suppress, appellant asserts his guilty plea was not knowingly and voluntarily entered. It is uncontroverted that appellant did not appeal his 1989 conviction, and that at the time of the motion for new trial, no state or federal application for a writ of habeas corpus had been filed to challenge that conviction.

The trial court in the case sub judice denied appellant's motion for a new trial after conducting a hearing at which the trial court entertained evidence regarding the validity of the 1989 guilty plea over the State's objections to appellant's collateral attack on the earlier conviction. Because the manner in which the trial court dealt with appellant's challenge to the 1989 conviction enables us to address the merits of his claim, we pretermit the issue whether evidence of similar transactions is subject to collateral attack in the manner proposed by

appellant so as to call into question the deficiency of counsel's performance when no objection to such evidence is raised.

Appellant's testimony that he did not discuss a motion to suppress with his then-attorney, Bobby Wilson, was contradicted by Wilson, who testified at the hearing. Wilson explained that a motion to suppress was not filed because (1) the evidence disclosed by Wilson's investigation of appellant's case indicated the motion would not be successful and (2) a strategic decision was made by appellant and Wilson to accept the State's plea bargain (which involved appellant serving one year in jail) in order to minimize the time appellant was incarcerated. As to the first reason, Wilson testified he was informed by the arresting officer that the officer would testify at the motion that he had stopped appellant after seeing him put into his pocket a substance which the officer in his experience had recognized as crack cocaine. As to the second reason, Wilson testified that this decision was made because appellant could not get a bond; had already spent a couple of months in jail; would have to wait several months more before a motion to suppress could be heard; and because the prosecutor intended to seek a greater sentence should the motion be denied and the case go to trial.

No evidence was adduced that rebutted Wilson's testimony. Although appellant challenges Wilson's testimony that the arresting officer saw him putting crack cocaine in his pocket, appellant did not call the officer to testify at the hearing despite being given the opportunity to do so. We find without merit appellant's contention that either the police report of the 1989 arrest or the testimony of the arresting officer during the trial in the case sub judice, both of which contain no mention that the officer had recognized as cocaine the item appellant was seen placing in his pocket, rebuts Wilson's testimony: the terse summary of the events surrounding appellant's arrest in the police report did not purport to include all relevant evidence and the arresting officer's testimony in the instant trial was adduced solely for purposes of establishing the similar nature of the transactions, not to prove probable cause for the earlier arrest.

Probable cause exists for a police officer to stop and arrest an individual who is seen by the officer to be in the possession of what the officer in his experience believes is an illegal substance. See OCGA § 17-4-20 (a); *Corbitt v. State*, 166 Ga. App. 311, 312 (1) (304 SE2d 123) (1983). Hence, based on the evidence Wilson's investigation had disclosed regarding the existence of probable cause for the officer to stop and arrest appellant, it cannot be said that Wilson incorrectly concluded that a motion to suppress would be denied. Thus, Wilson's failure to file the motion did not constitute deficient performance depriving appellant of effective assistance of counsel. See *Ruffin*, supra at 792-795 (2) (a) (where accused's arrest and search were legal so

that evidence uncovered in search was not subject to suppression, counsel's failure to file motion to suppress did not meet test set forth in *Strickland*, supra).

Accordingly, because appellant's arguments asserting the ineffectiveness of Wilson's assistance in 1989 are without merit, appellant's argument that he was prejudiced by that alleged ineffectiveness — i.e., appellant's challenge to the voluntariness of his 1989 guilty plea and his claim that his trial counsel in the case sub judice rendered ineffective assistance by not objecting to the State's subsequent use of that conviction — is likewise without merit. The trial court did not err by denying appellant's motion. See generally *Ruffin*, supra.

4. Our holding in Division 3, supra, controls adversely to appellant his contentions that his counsel's performance was deficient because counsel did not object to the State's use of the 1989 conviction at his sentencing and that the trial court committed reversible error by considering that guilty plea in sentencing appellant. Compare *Gadson v. State*, 197 Ga. App. 315, 317-318 (4) (398 SE2d 409) (1990).

5. In two enumerations appellant asserts error in the trial court's charge and claims his counsel's performance was ineffective because he failed to preserve for appellate review his objections to the charge. We find no merit in either contention. To establish ineffective assistance of counsel, appellant was required to show that Kelly's deficient performance prejudiced his defense. See *Henderson v. State*, 192 Ga. App. 750, 753 (386 SE2d 408) (1989). We do not agree with appellant that it was reversible error for the trial court to charge the jury the entirety of OCGA § 16-13-30 (b), since the trial court read the indictment to the jury and instructed the jury that appellant was on trial only for the charge of possession with intent to distribute in the indictment. See generally *Ross v. State*, 192 Ga. App. 65, 66 (2) (383 SE2d 627) (1989). Thus, Kelly's failure to object to the trial court's charge did not constitute ineffective assistance of counsel. See *Norris v. State*, 176 Ga. App. 164, 168 (6) (335 SE2d 611) (1985). Nor do we agree with appellant that it was reversible error for the trial court to fail to include in its charge a definition of "intent to distribute." The transcript reveals that the trial court did charge the jury regarding intent and this court, in interpreting "distribute" in OCGA § 16-13-21 (11) for purposes of the Georgia Controlled Substances Act, OCGA § 16-13-20 et seq., has recognized that it possesses only the ordinary and common dictionary meaning. *State v. Luster*, 204 Ga. App. 156, 157-158 (419 SE2d 32) (1992). Terms of common usage and meaning need not be specifically defined in the charge to a jury. See *Smith v. State*, 249 Ga. 228, 229 (2) (290 SE2d 43) (1982) ("mitigation"); *Anderson v. State*, 226 Ga. 35, 36 (2) (172 SE2d 424) (1970) ("assault"). Compare *Powers v. State*, 150 Ga. App. 25, 26 (3) (256 SE2d 637)

(1979) ("rape"). Accordingly, appellant cannot show that any inaction by Kelly regarding a charge defining "intent to distribute" prejudiced his defense, see *Henderson*, supra, and thus the trial court did not err by denying appellant's motion for new trial. See generally id.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 17, 1992 —
RECONSIDERATION DENIED DECEMBER 3, 1992 

*Megan C. Devorsey*, for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Grover W. Hudgins, Assistant District Attorneys*, for appellee.