## A09A0460. HAMMETT v. THE STATE.
### (676 SE2d 880)

ANDREWS, Presiding Judge.

Jerome Hammett claims the trial court erred by denying his motion to withdraw guilty pleas he entered to charges of aggravated assault (two counts); false imprisonment (two counts); and terroristic threats. We find no error and affirm.

Hammett entered a negotiated guilty plea and was sentenced at a hearing at which he was represented by counsel. He stated under oath that he understood the nature of the charges; that he committed the charged offenses; that he was fully advised by counsel as to the consequences of the guilty plea; that no threats or promises were made to him to induce his guilty plea; that he thoroughly discussed the case with his counsel; and that he was satisfied with the advice and services of his counsel. Nevertheless, within the term of court in which the guilty plea was entered, Hammett appeared with new counsel and moved to withdraw his guilty plea on the basis that his prior counsel provided ineffective assistance during the plea process.[1] Hammett claimed that his guilty plea was involuntary or coerced because, shortly prior to entering the plea, counsel told him and the trial court that he was not adequately prepared to try the case, and

---

[1] A motion to withdraw a guilty plea must be filed in the same term of court in which sentence was entered pursuant to the plea. *Boone v. State*, 281 Ga. 887 (644 SE2d 136) (2007).

the trial court refused to continue the case to give counsel more time to prepare. See *Wharton v. Jones*, 248 Ga. 265, 266 (282 SE2d 310) (1981). In effect, Hammett claims that, because of inadequate trial preparation, counsel advised him to accept the negotiated guilty plea, and that he was forced to accept this advice and plead guilty rather than go to trial with unprepared counsel.

A defendant who waives the right to a jury trial and enters a guilty plea retains the Sixth Amendment right to effective legal assistance during the plea process. *Williams v. Duffy*, 270 Ga. 580, 581 (513 SE2d 212) (1999). Where the defendant seeks to withdraw a guilty plea based on a claim that ineffectiveness of counsel rendered the plea involuntary or coerced, the defendant must satisfy both parts of the two-part test applied by *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), to claims that counsel was ineffective during trial. *Hill v. Lockhart*, 474 U. S. 52, 56-59 (106 SC 366, 88 LE2d 203) (1985). In the context of guilty pleas, the defendant must show (1) that counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) that the defendant was prejudiced because, but for the deficient performance, there was a reasonable probability the defendant would not have pleaded guilty and would have insisted on going to trial. Id.; *Williams*, 270 Ga. at 581. "A claim of ineffective assistance of counsel is a mixed question of law and fact: we accept the trial court's factual findings unless clearly erroneous, but we independently apply the legal principles to the facts." *Franks v. State*, 278 Ga. 246, 250 (599 SE2d 134) (2004).

Under the first part of the test related to deficient performance, Hammett must show, without resort to hindsight, that counsel's performance fell below an objective standard of reasonableness under the circumstances confronting counsel at the time. *Strickland*, 466 U. S. at 689-690. In considering adequacy of performance, counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. Because performance under *Strickland* is measured by an objective standard, the subjective belief of Hammett's counsel that he was inadequately prepared to try the case does not control.

In addressing the second or prejudice part of the test, even if Hammett's counsel was inadequately prepared under an objective standard of reasonableness, whether the lack of preparation prejudiced Hammett by causing him to plead guilty rather than go to trial depends on the likelihood that additional preparation would have led counsel to change the advice to accept the negotiated guilty plea. *Hill*, 474 U. S. at 59. "This assessment, in turn, will depend in large part on a prediction whether [the additional preparation] likely

would have changed the outcome of a trial." Id. Moreover, any necessary prediction of the outcome at a possible trial "should be made objectively, without regard for the idiosyncrasies of the particular decisionmaker." (Citation and punctuation omitted.) Id. at 60.

After a hearing on Hammett's motion to withdraw the guilty plea, the trial court denied the motion and found that Hammett's counsel was not ineffective because of inadequate preparation for trial. We agree. The record shows that trial counsel had adequate time to evaluate the merits of the State's case and to advise Hammett as to his options. *Thompson v. State*, 208 Ga. App. 825, 826 (432 SE2d 250) (1993). Counsel testified at the hearing that he filed discovery motions and obtained discovery materials from the State, and the State showed that in response to discovery it provided counsel with a complete copy of its file. Counsel testified that he investigated the case; spoke to the victim and other eyewitnesses; and met with Hammett between two and five times to discuss the case and prepare for trial. Although counsel testified that he told Hammett he was not prepared to try the case, and that he unsuccessfully sought a continuance on that basis, counsel told the court that he believed he was unprepared because he needed more time to go over details with Hammett, prepare arguments, and speak to additional witnesses. As to the need to interview additional witnesses, neither counsel nor Hammett produced any evidence showing what the defense failed to discover by not interviewing additional witnesses. We find no clear error in the trial court's factual findings, and conclude that, measured by objective standards of reasonableness, the trial court correctly determined that counsel was adequately prepared to try the case.

Even assuming counsel's preparation for the trial was deficient, Hammett failed to establish a reasonable probability that the deficient performance caused him to accept the negotiated guilty plea rather than go to trial. There is no evidence sufficient to establish that additional trial preparation would likely have changed reasonable counsel's advice regarding the guilty plea or the outcome of a trial. To the contrary, the strength of the State's case, including eyewitness testimony, made it unlikely that additional preparation would have changed reasonable counsel's assessment of the case or the likelihood of a guilty verdict.

After sentence has been pronounced, a guilty plea can be withdrawn only to correct a "manifest injustice," and a trial court's ruling on a motion to withdraw a guilty plea will not be disturbed unless the record shows that the court has abused its discretion. *Trimble v. State*, 274 Ga. App. 536 (618 SE2d 163) (2005). We find no manifest injustice or abuse of discretion.

*Judgment affirmed. Miller, C. J., and Barnes, J., concur.*

DECIDED MARCH 31, 2009.

*Farnham & Rothenberg, David J. Farnham*, for appellant.
*Gwendolyn Keyes Fleming*, District Attorney, *William T. Kemp III*, *Barbara B. Conroy*, Assistant District Attorneys, for appellee.