## A11A1674. HALL v. THE STATE.
(722 SE2d 392)

DILLARD, Judge.

On January 27, 2010, Robert Hall pleaded guilty to one count of burglary. Nearly one month later, Hall filed a motion to withdraw his guilty plea, which the trial court denied. Hall now appeals the denial of his motion to withdraw his guilty plea, arguing that his plea counsel rendered ineffective assistance by failing to adequately advise him regarding the possible duration of his sentence in light of his ineligibility for parole. For the reasons set forth infra, we affirm.

The record shows that around 9:00 a.m. on January 8, 2009, Daniella and Rebecca Gutierrez were at their rural home alone—after their parents had gone to work—when they saw an unfamiliar man on their porch, knocking on the front door. Daniella immediately telephoned her mother and asked if anyone was supposed to be coming over to the house. Her mother responded "no," but when Daniella saw the man get into a white truck and appear to leave, she told her mother that everything was fine. However, shortly thereafter, the truck backed into the driveway and up to the porch, and a few moments later, Daniella heard someone entering the home through a window. Rushing into her sister's bedroom, Daniella locked the door and frantically called her mother back to tell her that someone was breaking into the house. Daniella's mother then called

the police, as well as Daniella's grandmother, who lived just a few miles down the road.

Within a few minutes, Daniella's grandmother arrived on the scene, entered the house armed with a gun, and yelled for the intruders to come out. Two men then walked out of the master bedroom, exited the house as Daniella's grandmother ordered, and quickly escaped in the white truck that had been parked in the driveway. But before the truck could speed away, Daniella's grandmother was able to get a partial license tag number, which she relayed to the police.[1] Thereafter, Daniella's grandmother identified Hall as one of the intruders she confronted in her daughter's home, and she also identified Hall's truck as the vehicle in which Hall and the unidentified second intruder fled.

Hall was thereafter indicted on one count of burglary,[2] and he initially entered a plea of not guilty. Several months later, the State filed a notice of its intent to have Hall sentenced as a recidivist under OCGA § 17-10-7 based on numerous past convictions, including several past burglary convictions. On January 27, 2010, during a hearing on the day his trial was scheduled to begin, Hall indicated that he wanted to plead guilty. Subsequently, the trial court explained to Hall the rights that he was waiving by pleading guilty and that based on his past convictions, the court could impose a sentence of up to 20 years. Hall responded that he understood, entered a nonnegotiated guilty plea to the charge of burglary, and the trial court then imposed a sentence of 20 years with 15 to serve.

On February 26, 2010, however, Hall filed a pro se motion to withdraw his guilty plea. Thereafter, he was appointed new counsel, who filed an amended motion to withdraw Hall's guilty plea on July 26, 2010, alleging, inter alia, that Hall's plea counsel provided ineffective assistance. After conducting a hearing on the matter, the trial court denied Hall's motion. This appeal follows.

1. Hall contends that the trial court erred in denying his motion to withdraw his guilty plea, arguing that his plea counsel rendered ineffective assistance by failing to adequately advise him regarding the possible duration of his sentence based on his ineligibility for parole. Nevertheless, we begin by noting that procedural grounds supported the trial court's denial of Hall's motion to withdraw.

As our Supreme Court has explained, "[i]t is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea the trial court lacks jurisdiction

---

[1] The truck was registered to Hall, who was subsequently arrested.
[2] See OCGA § 16-7-1 (a).

to allow the withdrawal of the plea."[3] And here, Hall pleaded guilty and was sentenced on January 27, 2010, but he did not file his initial pro se motion to withdraw his guilty plea until February 26, 2010. This sequence of events matters because, pursuant to OCGA § 15-6-3 (39) (A), the terms for the Superior Court of Irwin County commence on the "[s]econd Monday in February and second Monday in August."[4] Thus, Hall filed his motion approximately three weeks beyond the term of court (which ended on February 5, 2010) in which he was sentenced. Accordingly, the trial court did not have jurisdiction to entertain Hall's motion to withdraw his guilty plea, and therefore, did not err in denying it.[5] At this point in time, Hall's only available means to withdraw his guilty plea is through habeas corpus proceedings.[6]

2. Moreover, Hall's claim of error also fails on its merits. In considering this argument, we begin by noting that while a guilty plea may be withdrawn at any time before sentencing, "once a sentence has been entered, a guilty plea may only be withdrawn to correct a manifest injustice, and the trial court's refusal to allow withdrawal will not be disturbed on appeal absent a manifest abuse of discretion."[7] Moreover, a criminal defendant who seeks to withdraw his guilty plea due to ineffective assistance of counsel "must meet the now familiar two-part test of *Strickland v. Washington* —deficient performance and prejudice."[8] Specifically,

> [a] defendant who pleads guilty and seeks to overturn his conviction because of counsel's errors must show both that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.[9]

And in evaluating an attorney's performance for the purpose of determining the first prong of the *Strickland* test, "there is a strong

---

[3] *Rice v. State*, 277 Ga. 649, 649 (594 SE2d 335) (2004).

[4] *See* OCGA § 15-6-3 (39) (A).

[5] *See Williams v. State*, 301 Ga. App. 849, 851 (1) (689 SE2d 124) (2010) (holding that trial court lacked jurisdiction to consider defendant's motion to withdraw guilty plea filed beyond term of court in which defendant was sentenced); *Maples v. State*, 293 Ga. App. 232, 233 (1) (666 SE2d 609) (2008) (same).

[6] *See Rice*, 277 Ga. 649; *Williams*, 301 Ga. App. at 850-51 (1).

[7] *Earley v. State*, 310 Ga. App. 110, 112 (712 SE2d 565) (2011) (citation and punctuation omitted).

[8] *Murray v. State*, 307 Ga. App. 621, 623-24 (705 SE2d 726) (2011) (footnote and punctuation omitted); *see also Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[9] *Rios v. State*, 281 Ga. 181, 181 (2) (637 SE2d 20) (2006) (punctuation omitted).

presumption that counsel's conduct falls within a wide range of reasonable professional assistance."[10] With these guiding principles in mind, we will now address Hall's contention.

Specifically, Hall claims that prior to a probation revocation hearing that was held following his arrest, the State offered to recommend a sentence of 12 to 18 months if he agreed to plead guilty to the current burglary charge. Hall argues that if his plea counsel had properly informed him that based on his past convictions he was possibly facing a lengthy sentence during which he would not be eligible for parole, he would have accepted the State's initial plea offer instead of entering into the later nonnegotiated guilty plea.

The only evidence of the 12- to 18-month plea offer was Hall's own testimony during his guilty plea hearing and the hearing on his motion to withdraw his guilty plea and a letter from the public defender initially appointed to defend him (which was read during the motion-to-withdraw hearing). And while it is difficult to discern from the record, it appears that such a plea offer may have been conveyed and then revoked when Hall opted to go forward with a hearing on his probation revocation. But regardless of whether such a plea offer was ever made, Hall's argument still fails. Indeed, as our Supreme Court has emphasized,

> eligibility or ineligibility for parole is not a consequence of a plea of guilty, but a matter of legislative grace or a consequence of the withholding of legislative grace[, and t]here is no constitutional requirement that a defendant be advised of such collateral consequences in order for his guilty plea to be valid.[11]

Thus, Hall's counsel was not required to inform Hall that he could face a sentence without parole if he rejected the initial plea offer.[12] Accordingly, the trial court did not err in finding that Hall failed to show that his plea counsel rendered ineffective assistance.

*Judgment affirmed. Mikell, P. J., and Boggs, J., concur.*

DECIDED JANUARY 25, 2012.

*Metts & Nugent, Marc G. Metts*, for appellant.

---

[10] *Murray*, 307 Ga. App. at 624 (punctuation omitted).

[11] *Williams v. Duffy*, 270 Ga. 580, 581 (1) (513 SE2d 212) (1999) (citations and punctuation omitted).

[12] *See id.* at 582 (1) (holding that counsel's failure to advise the defendant of the collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance).

*C. Paul Bowden, District Attorney, Kevin E. Hutto, Assistant District Attorney,* for appellee.