**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**October 4, 2013**

# In the Court of Appeals of Georgia

A13A1029. GREEN v. STATE.

BARNES, Presiding Judge.

Deshawn Rahmel Green appeals the trial court's order denying his motion to withdraw his guilty plea, and contends that trial counsel was ineffective and that he did not knowingly and voluntarily enter the plea. Finding no error, we affirm.

After sentencing, "a guilty plea may only be withdrawn if the defendant establishes that such withdrawal is necessary to correct a manifest injustice — ineffective assistance of counsel or an involuntary or unknowingly entered guilty plea." (Footnote omitted.) *Wilson v. State*, 302 Ga. App. 433, 434 (1) (691 SE2d 308) (2010). The trial court is the final arbiter of all factual issues raised by the evidence, and its refusal to allow a withdrawal will not be disturbed absent a manifest abuse of discretion. *Lawton v. State*, 285 Ga. App. 45, 46 (645 SE2d 571) (2007).

Green was indicted for attempted distribution of marijuana, unlawfully using a telephone to facilitate a violation of the Georgia Controlled Substances Act, simple assault, attempted robbery by force, and obstruction of an officer. At his plea hearing, Green pled guilty to unlawfully using a telephone to facilitate a violation of the Georgia Controlled Substances Act, attempted robbery by force, and knowingly and willfully obstructing a law enforcement officer. The attempted distribution of marijuana and simple assault was nolle prossed. The State recommended a sentence of fourteen years with five to serve, a fine, and community service at the court's discretion. After confirming that Green understood the nature of the negotiated plea and wished to proceed, and also that his plea was freely and voluntarily entered, the trial court sentenced Green to fourteen years with four to serve on confinement.

1. Green first contends that the trial court erred in denying his motion to withdraw his guilty plea because his trial counsel was ineffective. We do not agree.

In the context of an ineffective assistance of counsel claim, in order to withdraw a guilty plea, "the defendant must satisfy both parts of the two-part test applied by *Strickland v. Washington*, 466 U.S. 668 (104 SC 2052, 80 LE2d 674) (1984)." *Hammett v. State*, 297 Ga. App. 235, 236 (676 SE2d 880) (2009).

2

[T]he defendant must show (1) that counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) that the defendant was prejudiced because, but for the deficient performance, there was a reasonable probability the defendant would not have pleaded guilty and would have insisted on going to trial. A claim of ineffective assistance of counsel is a mixed question of law and fact: we accept the trial court's factual findings unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) Id.

Green maintains that he pled guilty because he did not believe that counsel was prepared for trial. He contends that trial counsel could not have been prepared for trial because he only saw his trial counsel in person twice during the approximately 15 months that trial counsel represented Green. He further contends that he would have insisted on going to trial had there been more discussion of the evidence with his trial counsel. However, in this regard, "[t]he complaint of insufficient meetings with trial counsel is not dispositive, as there exists no magic amount of time which counsel must spend in actual conference with his client." (Citation and punctuation omitted.) *Jackson v. State*, 314 Ga. App. 272, 279 (2) (b) (724 SE2d 9) (2012).

At the hearing on his motion to withdraw guilty plea, Green admitted that he had "briefly" discussed his case and the evidence with counsel on the phone and at

the courthouse, although he later claimed that he was "completely unaware of any evidence that [the State] had." Trial counsel recalled speaking to Green on the phone and at the courthouse about the case, including reviewing the evidence provided in discovery. He testified that he investigated the case, reviewed the facts and evidence, and discussed trial strategy with Green before declaring that he was ready for trial. He also stated that Green had indicated his desire to resolve the case by way of a plea instead of risking the "exposure" at trial. "The trial court was authorized to reject [Green's] version of the facts and credit instead the testimony of his counsel." (Citation and punctuation omitted.) *Stinson v. State*, 286 Ga. 499, 501 (2) (689 SE2d 323) (2010). See also *Gresham v. State*, 300 Ga. App. 158, 163 (684 SE2d 336) (2009) (assistance was effective and defendant's guilty plea valid even though counsel "may have been overly busy, may not have spent much time with [defendant], may not have communicated with him regularly, may not clearly recall some aspects of the case, and may not have prepared for the trial very far in advance.")

"Even assuming counsel's preparation for the trial was deficient, [Green] failed to establish a reasonable probability that the deficient performance caused him to accept the negotiated guilty plea rather than go to trial."*Hammett*, 297 Ga. App. at 237. Although Green initially testified that he would have insisted on a trial had

4

counsel fully discussed the case with him, he later testified that he could not say whether he would have insisted on going to trial because he had not seen the evidence.

In this circumstance,

> "[w]e conclude that the transcript of the guilty plea hearing and the testimony by [Green's] attorney at the hearing on motion to withdraw the guilty plea authorized the trial court to reject [Green's] claims that his attorney's performance was deficient and that he pled guilty because [seemingly] his only alternative was to proceed to trial with an unprepared attorney."

*Moore v. State*, 286 Ga. App. 99, 102-103 (2) (648 SE2d 451) (2007).

2. Green also contends that his guilty plea was not knowingly and voluntarily entered.

> To determine whether a guilty plea is valid, the record must show that the defendant understands the plea and the constitutional rights that he is relinquishing. *Boykin v. Alabama*, 395 U. S. 238 (89 SCt 1709, 23 LE2d 274) (1969). The State has the burden on direct review of establishing that the plea was entered intelligently and voluntarily. The State may meet this burden by showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea, or by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and

voluntary. After sentencing, the decision on a motion to withdraw a guilty plea is within the trial court's discretion, and withdrawal of the plea is allowed only when necessary to correct a manifest injustice.

(Citations and punctuation omitted.) *Wright v. State*, 292 Ga. 825, 826 (1) (742 SE2d 468) (2013).

Here, the record contains a transcript of the plea hearing and a notice of rights signed by Green. The transcript reveals that Green informed the court that he was not under the influence of any alcohol or drugs, that he knew the offenses he was charged with, that he understood the maximum penalties for those offenses, that he understood that the State would be presenting a capped plea, that he understood how sentencing under the capped plea would work, that he understood the rights he would waive by pleading guilty, , that he understood the notice of rights form he had signed, that no one had influenced his guilty plea by making threats or promises to him, that his plea was voluntary, and that he was in fact guilty of the crimes charged.

At the motion hearing, Green testified that at the plea hearing he had only indicated that he understood his rights during the plea hearing to be polite. He also testified that he was "afraid" and "nervous" because this was his first time "dealing with the court system." However, Green later admitted that he had experienced

6

similar proceedings for a prior battery charge. The plea transcript reflects multiple inquiries by the court and the prosecution as to whether Green fully understood the nature of the charges and the rights he was relinquishing. "Moreover, any contradiction between [Green's] testimony during the plea hearing and his testimony during the motion hearing is a matter of witness credibility, which the trial court was authorized to decide against him." *Niako v. State*, 271 Ga. App. 222, 227 (609 SE2d 154) (2005).

Although Green also contends that he did not knowingly and voluntarily enter his plea because he did not fully understand the charges he was facing due to trial counsel's failure to review the evidence with him, as discussed in Division 1, the trial court resolved this issue against Green.

> The only evidence that the plea was not voluntary is [Green's] testimony at the hearing on his motion to withdraw, which was contradicted by the testimony of trial counsel.... Recognizing the conflict in this evidence, the trial court chose to accept the testimony of trial counsel. We conclude that the record shows the trial court correctly found that [Green] was fully advised of his rights and freely and voluntarily waived those rights.

*Wright*, 292 Ga. at 825-826 (1).

7

Accordingly, the trial court did not abuse its discretion in denying the motion to withdraw the plea.

*Judgment affirmed. Miller and Ray, JJ., concur.*