**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 3, 2015**

# In the Court of Appeals of Georgia

A14A2006. BARTON v. THE STATE.

BRANCH, Judge.

On November 1, 2013, Paul Barton pled guilty in Floyd County Superior Court to one count of sexual battery and one count of sexual battery against a child under the age of sixteen. That same day, the trial court entered the judgment of conviction and sentenced Barton to serve five years on each count, with the sentences to run consecutively. He now appeals pro se from the denial of his motion to withdraw his guilty plea, arguing that the trial court erred in finding that it lacked jurisdiction over that motion. We find no error and affirm.

Under Georgia law, any motion to withdraw a guilty plea must be made during the same term of court in which the defendant was sentenced. *Matthews v. State*, 295 Ga. App. 752, 754 (1) (673 SE2d 113) (2009). After that time, the trial court loses

jurisdiction over the plea and therefore cannot order its withdrawal. *Spencer v. State*, 309 Ga. App. 630, (2) (710 SE2d 837) (2011). Here, Barton entered his guilty plea and was sentenced on Friday, November 1, 2013, which was the last day of the September 2013 term of court; the trial court therefore lost jurisdiction over Barton's guilty plea on the following Monday (November 4, 2013), the date on which the November term of court started. See OCGA § 15-6-3 (33) (the terms of court for Floyd County shall begin on the "[s]econd Monday in January, March, July, and September and first Monday in May and November"). Barton, however, did not file his motion to withdraw his guilty plea until May 9, 2014, approximately six months after his sentence was entered and well after the September 2013 term of court had ended.

On appeal, Barton relies on the legal rule that a defendant has an absolute right to withdraw his guilty plea at any time before sentence is pronounced. See OCGA § 17-7-93 (b) ("[a]t any time before judgment is pronounced, the accused person may withdraw the plea of 'guilty' and plead 'not guilty'"). Barton contends that the transcript of his plea hearing shows that the trial court neither accepted his plea nor orally pronounced sentence at the hearing and the court therefore retained jurisdiction over his guilty plea. We disagree.

2

The record shows that Barton was charged with one count of child molestation and one count of sexual battery against a child under the age of sixteen. The transcript of the plea hearing shows that Barton entered into a negotiated guilty plea, under which he pled guilty to the lesser included offense of sexual battery (as opposed to child molestation) as well as to the charge of sexual battery of a person under the age of sixteen. In exchange, the State recommended that Barton be sentenced to five years on each count, with the sentences to run concurrently[1] and with Barton receiving credit for time he had served in incarceration on unrelated charges since August 12, 2010.[2] After ascertaining that Barton was entering his plea knowingly and voluntarily and that a factual basis existed for the plea, the trial court heard the State's sentencing recommendation. The court determined that Barton had agreed to the State's sentencing recommendation and advised Barton of the ramifications of his conviction

---

[1] This sentence was the maximum that Barton could have received for the charges to which he pled guilty. See OCGA § 16-6-22.1 (d), (e). The charge of child molestation carried a maximum penalty of 20 years imprisonment. See OCGA § 16-6-4 (b) (1).

[2] The record shows that the conduct that resulted in Barton being charged with the crimes at issue occurred sometime between January 2007 and Barton's incarceration in August 2010. The victim of these crimes, however, did not report them until January 2013, at which time police began their investigation. Barton was indicted that same month.

as a sex offender. That same day, the trial court filed the written judgment of conviction and Barton's sentence, as well as a document entitled "Transcript." This latter document was signed by Barton and affirmed Barton's waiver of his right to a jury trial, the fact that he was satisfied with the legal representation he had received, and the fact that he wished to plead guilty to the charges at issue. Attached to this document is a certification, signed by the trial judge, which "ORDER[S] that the plea of the defendant is accepted and shall be entered on the minutes of this court and that the transcript [executed by the defendant] and this certification shall be filed as pleadings in this matter." .

Barton's argument that the trial court retained jurisdiction over his guilty plea is based on the trial court's failure to announce Barton's sentence orally at the plea hearing. See *State v. Germany*, 246 Ga. 455-456 (1) (271 SE2d 851) (1980). In *Germany*, the Supreme Court of Georgia was called upon to decide whether a defendant lost his statutory right to withdraw a guilty plea after the trial court announced the sentence, but before it filed a written sentencing order. The Court answered the question affirmatively, finding that the word "pronounce," as used in the statute, "means 'orally announced'" and that a defendant therefore loses his absolute right to withdraw his guilty plea "after the trial court's oral announcement

of" the defendant's sentence. Id. (citations and punctuation omitted). Despite Barton's intimations to the contrary, however, *Germany* does not grant a defendant the right to withdraw his guilty plea where the trial court simply neglects to pronounce orally the sentence at the plea hearing but does enter a written judgment of sentence. In such a case, a defendant loses his absolute right to withdraw his guilty plea at the time the written sentence is filed and any motion to withdraw the plea must be made in the same term of court in which the sentence was filed. See *Kaiser v. State*, 285 Ga. 63, 65 (1) (646 SE2d 84) (2007).

Because the record shows that the trial court accepted Barton's guilty plea and sentenced him on November 1, 2013, the trial court correctly found that it lacked jurisdiction over Barton's motion to withdraw his plea. See *Hall v. State*, 313 Ga. App. 670, 671-672 (1) (722 SE2d 392) (2012). Instead, the only means currently available to Barton for withdrawing his guilty plea is the filing of a habeas corpus petition. Id.

*Judgment affirmed. Barnes, P. J., and Boggs, J., concur.*