**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 15, 2016**

# In the Court of Appeals of Georgia

A16A0745. BARTON v. THE STATE.

MILLER, Presiding Judge.

This is Paul Barton's second pro se appeal arising from his 2013 conviction for two counts of sexual battery, including one count against a child under the age of sixteen (OCGA § 16-6-22.1).[1] Barton was sentenced by the trial court to two consecutive five-year terms. Barton now appeals from the denial of his motion to set aside his sentence, contending that the trial court erred when it failed to sentence him to a split sentence, which would have included at least one year of probation, as required by OCGA § 17-10-6.2 (b). We agree fully. Accordingly, we vacate Barton's sentence and remand this case to the trial court for resentencing.

---

[1] In *Barton v. State*, 331 Ga. App. 887 (769 SE2d 96) (2015), this Court affirmed the denial of Barton's motion to withdraw his guilty plea.

"A person convicted of the offense of sexual battery against any child under the age of 16 years shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than five years." OCGA § 16-6-22.1 (d).

Here, Barton entered a negotiated guilty plea to two counts of sexual battery, including one count against a child under the age of sixteen and the trial court sentenced him to two consecutive five-year terms. Barton's sentence was governed by OCGA § 17-10-6.2 (b), which pertinently provides:

> any person convicted of a sexual offense shall be sentenced to a *split sentence* which shall include the minimum term of imprisonment specified in the Code section applicable to the offense. No portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court *and such sentence shall include*, in addition to the mandatory imprisonment, *an additional probated sentence of at least one year*.

(Emphasis provided.); see also *Hedden v. State*, 288 Ga. 871, 873 (708 SE2d 287) (2011).

"A sentence is void if the [trial] court imposes punishment that the law does not allow." (Citations and punctuation omitted.) *Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010). The trial court had jurisdiction to correct Barton's void sentence,

2

and Barton was entitled to directly appeal the denial of his motion to correct his sentence.[2] Id; see also *Williams v. State*, 271 Ga. 686, 689 (1) (523 SE2d 857) (1999).

In this case, the underlying offenses were two counts of sexual battery, including one count against a child under the age of sixteen, OCGA § 17-10-6.2 required the trial court to issue a split sentence that included a mandatory minimum sentence of at least five years of imprisonment and at least one year of supervised probation. Here, although Barton's sentence fell within the applicable statutory range set forth in OCGA § 16-6-22.1, the trial court failed to impose a split sentence. See *Spargo v. State*, 332 Ga. App. 410, 411 (773 SE2d 35) (2015); *New v. State*, 327 Ga. App. 87, 108 (5) (755 SE2d 568) (2014). Consequently, we vacate Barton's sentences for the two counts of sexual battery and remand this case for resentencing.

*Judgment vacated and case remanded. McFadden and McMillian, JJ., concur.*

---

[2] Barton was convicted of two crimes charged in the same indictment. Accordingly, as the trial court correctly noted, Barton is deemed to have only one conviction for recidivist purposes.