**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 20, 2018**

# In the Court of Appeals of Georgia

A18A0203. CRUZ v. THE STATE.                                    DO-008 C

DOYLE, Presiding Judge.

Ivan Cruz pleaded guilty pursuant to a negotiated guilty plea[1] to three counts of aggravated child molestation,[2] aggravated sexual battery,[3] five counts of child molestation,[4] sexual exploitation of a child,[5] and two counts of solicitation of sodomy

---

[1] The trial court issued an order of nolle prosequi as to one count of aggravated sexual battery, OCGA § 16-6-22.2 (b), and one count of cruelty to children in the first degree, OCGA § 16-5-70 (b).

[2] OCGA § 16-6-4 (c).

[3] OCGA § 16-6-22.2 (b).

[4] OCGA § 16-6-4 (a) (1).

[5] OCGA § 16-12-100 (b) (1).

from a child under 18.[6] Proceeding pro se, Cruz appeals from the trial court's denial of his motion to vacate a void sentence, arguing that the trial court erred by denying the motion because (1) his sentence does not comply with OCGA § 17-10-6.2 (2016); and (2) the court lacked jurisdiction to impose a life sentence. For the reasons that follow, we vacate in part the order and remand for resentencing consistent with this opinion.

Following his entry of a negotiated guilty plea to twelve counts of a fourteen count indictment, the trial court sentenced Cruz to life with twenty-five years to serve in confinement and the balance on probation for the three counts of aggravated child molestation and one count of aggravated sexual battery, which sentences the court imposed concurrent to each other; and for the remaining eight charges the court sentenced Cruz to twenty years in confinement to run concurrent to each other and to the other twenty-five year sentences.

1. Cruz first argues that he must be re-sentenced on all counts because the sentences are illegal and void. Specifically, Cruz argues that pursuant to *New v.*

---

[6] OCGA § 16-6-15 (b).

2

*State*,[7] his sentence is void because the trial court failed to impose a split sentence as to each of his child molestation convictions as required by former OCGA § 17-10-6.2 (b) at that time.[8] The State agrees with Cruz's contention as to each charge except for the two counts of solicitation of sodomy from a child under the age of 18.

As to Cruz's convictions for aggravated child molestation and aggravated sexual battery, the trial court correctly imposed a split sentence of 25 years' imprisonment followed by lifetime probation.[9] As for the convictions for child

_____

[7] 327 Ga. App. 87, 106-109 (5) (755 SE2d 568) (2014). See also *Barton v. State*, 338 Ga. App. 524, 525-526 (790 SE2d 538) (2016) (vacating sentence imposed after defendant entered a negotiated guilty plea because the trial court failed to impose a split sentence under OCGA § 17-10-6.2).

[8] "[A]ny person convicted of a sexual offense shall be sentenced to a split sentence which shall include the minimum term of imprisonment specified in the Code section applicable to the offense." OCGA § 17-10-6.2 (b) (2016). Ga. L. 2017, § 5/HB 341 (effective July 1, 2017) amended this Code section, but the amendment does not affect this appeal.

[9] See OCGA § 16-6-4 (d) (1) ("Except as provided in paragraph (2) of this subsection, a person convicted of the offense of aggravated child molestation shall be punished by imprisonment for life or by a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life, and shall be subject to the sentencing and punishment provisions of Code [s]ections 17-10-6.1 and 17-10-7."); OCGA § 16-6-22.2 ("A person convicted of the offense of aggravated sexual battery shall be punished by imprisonment for life or by a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life, and shall be subject to the sentencing and punishment provisions of Code [s]ections

molestation and sexual exploitation of a child, we vacate Cruz's sentences and remand to the trial court for resentencing consistent with the mandates of former OCGA § 17-10-6.2 (b).[10]

With regard to the solicitation of sodomy from a child under the age of 18, that statute is not enumerated in OCGA § 17-10-6.2 (a) (2016) as a statute to which the sentencing provision found in subsection (b) applies; therefore, despite the similarities of that crime to the other crimes enumerated in the statute, the trial court was not required to apply the provision to those two counts.[11] Accordingly, we vacate Cruz's sentences for child molestation and sexual exploitation of a child and remand the case to the trial court for resentencing as to those counts.[12]

2. Cruz also argues that the trial court erred by denying his motion to vacate a void sentence because the trial court was not authorized to impose a life sentence with 25 years in custody followed by lifetime probation. Because such a sentence falls

17-10-6.1 and 17-10-7.").

[10] See *New*, 327 Ga. App. at 109 (5).

[11] See id. at 108 (5) (explaining that "criminal statutes must be strictly construed against the State") (punctuation omitted).

[12] See *Riggs v. State*, 301 Ga. 63, 74 (2) (b) (799 SE2d 770) (2017).

4

within the statutory range of punishment for these charges, the trial court did not err by denying Cruz's motion as to these counts.[13]

*Judgment vacated in part and case remanded. Dillard, C. J., and Mercier, J., concur.*

---

[13] See *Prince v. State*, 299 Ga. 888, 889-890 (793 SE2d 38) (2016). See also OCGA § 16-6-4 (d) (1); OCGA § 16-6-22.2.