**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 18, 2019**

# In the Court of Appeals of Georgia

A19A0024. UPTON v. THE STATE.

COOMER, Judge.

Adolphus Upton appeals the trial court's order denying his motion to withdraw his guilty plea. He contends that his plea counsel provided ineffective assistance, and that he did not knowingly and voluntarily enter the plea. Although we find that Upton's plea was freely and voluntarily entered into and that he did not receive ineffective assistance of counsel, we nonetheless vacate five of his sentences, as detailed below, because the sentence imposed on each of those counts is unlawful.

> After sentencing, a guilty plea may only be withdrawn if the defendant establishes that such withdrawal is necessary to correct a manifest injustice—ineffective assistance of counsel or an involuntary or unknowingly entered guilty plea. The trial court is the final arbiter of all factual issues raised by the evidence, and its refusal to allow a withdrawal will not be disturbed absent a manifest abuse of discretion.

*Green v. State*, 324 Ga. App. 133, 133–34 (749 SE2d 419) (2013) (citations and punctuation omitted).

The record shows that in February 2018 a Newton County grand jury indicted Upton on one count of rape (OCGA § 16-6-1), two counts of aggravated sodomy (OCGA § 16-6-2 (a)(2)), two counts of aggravated child molestation (OCGA § 16-6-4 (c)), two counts of aggravated sexual battery (OCGA § 16-6-22.2), one count of incest (OCGA § 16-6-22), one count of child molestation (OCGA § 16-6-4 (a)), and one count of influencing a witness (OCGA § 16-10-93).

At the plea hearing, the State proffered that if this case had proceeded to trial, the evidence would have shown that in May 2017 Upton's biological daughter, A.U., who was 13 years old, went to the hospital fearing that she had sexually transmitted diseases. Although she did not, in fact, have any sexually transmitted diseases, she made an outcry at that time that her father had been sexually abusing her for the previous two years.

She then participated in a forensic interview in which she further detailed her allegations. In that interview, she said that Upton had anal and vaginal sex with her and also placed his fingers in her vagina and anus. Later, after charges were filed

against Upton, A.U. told investigators that he would call her from jail asking her to say that she lied about the allegations.

Upton entered a negotiated guilty plea to all counts and was sentenced in the aggregate to life imprisonment with the first twenty-five years in confinement followed by life on probation.[1] He timely filed a motion to withdraw his guilty plea which was denied after a hearing. This appeal followed.

1. Upton contends he received ineffective assistance of counsel because counsel failed to speak with certain witnesses, and failed to share certain portions of discovery with him prior to his plea. These arguments lack merit.

> In the context of an ineffective assistance of counsel claim, in order to withdraw a guilty plea, the defendant must satisfy both parts of the two-part test applied by *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The defendant must show (1) that counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) that the defendant was prejudiced because, but for the deficient performance, there was a reasonable probability the defendant would not have pleaded guilty and would have insisted on going to trial. A claim of ineffective assistance of counsel is a mixed question of law and fact: we accept the trial court's factual

---

[1] This unlawful sentence imposed by the trial court is addressed below in Division 3.

findings unless clearly erroneous, but we independently apply the legal principles to the facts.

*Green*, 324 Ga. App. at 134 (citation and punctuation omitted).

a. Upton testified at his motion to withdraw hearing that he asked counsel to speak with his mother, sister, and nephew. Counsel confirmed that Upton did make these requests and she attempted to speak with these potential witnesses, but was unable to do so. Pretermitting whether counsel's performance was deficient, Upton's claim fails because he did not call his mother, sister, or nephew at his motion to withdraw hearing, or otherwise make a proffer as to what they would have testified to at a trial. *See Domingues v. State*, 277 Ga. 373, 374 (2) (589 SE2d 102) (2003) (Appellant could not show prejudice under *Strickland* "with regard to his assertions that counsel failed to fully investigate the case and call essential witnesses because he made no proffer as to what a thorough investigation would have uncovered or what the essential witnesses would have said." (Citation omitted)); *Smith v. State*, 296 Ga. 731, 733 (2) (770 SE2d 610) (2015) ("Failure to satisfy either prong of the *Strickland* test is sufficient to defeat a claim of ineffective assistance, and it is not incumbent upon this Court to examine the other prong." (citation omitted)).

b. Upton also argues that counsel provided ineffective assistance by failing to furnish him with certain portions of discovery. Specifically, he complains that although counsel did provide him with most of his discovery, he had difficulty listening to certain audio recordings contained on discs. In addition, he asked for, but was never provided with, copies of A.U.'s school records.

Similar to Upton's complaint about his counsel's failure to speak with his relatives, this claim also fails because Upton did not proffer the contents of the discovery he allegedly was unable to review. Upton's failure to proffer the contents of these items renders it impossible for him to establish a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. *See Herrington v. State*, 285 Ga. App. 4, 6 (b) (645 SE2d 29) (2007) ("The failure of trial counsel to employ evidence cannot be deemed to be prejudicial in the absence of a showing that such evidence would have been relevant and favorable to the defendant." (footnote omitted)). Not only can Upton not meet his burden based on his lack of an evidentiary proffer, the record is wholly devoid of any evidence that Upton would have insisted on a trial if he had been able to review these audio recordings and A.U.'s school records. Accordingly, because Upton has not met his burden under

the second prong of the *Strickland* test, this claim of ineffective assistance of counsel also fails. *Smith*, 296 Ga. at 733.

2. In his second enumeration of error, Upton asserts that he should be permitted to withdraw his plea because it was not knowingly and voluntarily entered. We disagree.

> To determine whether a guilty plea is valid, the record must show that the defendant understands the plea and the constitutional rights that he is relinquishing. The State has the burden on direct review of establishing that the plea was entered intelligently and voluntarily. The State may meet this burden "by showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea, or by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary." After sentencing, the decision on a motion to withdraw a guilty plea is within the trial court's discretion and withdrawal of the plea is allowed only when necessary to correct a manifest injustice.

*Wright v. State*, 292 Ga. 825, 826 (1) (742 SE2d 468) (2013) (citations omitted).

To support this claim, Upton relies on his own testimony at the motion to withdraw hearing. At that hearing, he testified that during the plea proceedings, he felt pressured and intimidated to plead guilty, did not understand all of the trial court's questions, and generally "did not understand what was going on." A complete

6

examination of the record however, supports the conclusion that Upton knowingly and voluntarily entered his plea.

Prior to his plea hearing, Upton completed an "Acknowledgment and Waiver of Rights" form with his attorney. On that form he indicated that no one had threatened him, he was not under the influence of medications or alcohol, he understood he could have a jury trial and no one could make him say, sign, or do anything to show his guilt. He also indicated on the form that he was in fact guilty.

Once the hearing began, the State questioned Upton on the record. In answering the State's questions, he said that he understood the charges against him, that he was facing a maximum punishment of seven life sentences plus 75 years, and that he was foregoing his right to a jury trial in which he would have the opportunity to testify and to call witnesses on his behalf.

The trial court then questioned Upton. In his initial responses, Upton told the trial court that he was not guilty, but he would "just take it." The trial court then advised him that he should only enter a guilty plea if he was in fact guilty, and continued its questioning. Upton again confirmed that he was guilty of each charge, understood the nature of the evidence against him, and that he was giving up his right to a jury trial. The trial court found on the record that Upton's plea was entered freely

and voluntarily, and then pronounced sentence. After the sentence pronouncement, the trial court explicitly offered Upton an opportunity to withdraw his plea at that time. Upton responded that he wanted his plea to stand.

The record from the plea transcript shows that Upton fully understood the nature of the charges against him, the rights he was relinquishing, and the consequences of his plea. Thus, the State has met its burden of demonstrating that the plea was intelligently and voluntarily entered. Upton's testimony at his motion to withdraw hearing that he felt pressured and intimidated, and did not understand the plea proceedings, was a matter of witness credibility, which the trial court was authorized to decide against him. *See Gower v. State*, 313 Ga. App. 635, 637 (722 SE2d 383) (2012) ("[T]he trial court is authorized to disbelieve [a defendant's] self-serving testimony . . . ." (footnote omitted)); *Niako v. State*, 271 Ga. App. 222, 227 (609 SE2d 154) (2005) (Defendant's testimony at withdrawal hearing that he was "confused and scared" when he entered guilty plea did not permit withdrawal).

3. Despite our conclusion that Upton's plea itself was validly entered into, we must vacate his sentence for rape, both counts of aggravated sodomy, and both counts of aggravated sexual battery because the trial court imposed a sentence that the law does not allow. *See Smith v. State*, 292 Ga. App. 689, 691 (665 SE2d 399) (2008) ("A

8

defendant's acquiescence to an illegal sentence, either through plea negotiations or a failure to object to the sentence, cannot render an otherwise illegal sentence valid through waiver. That is because a void sentence in law amounts to no sentence at all." (citations and punctuation omitted)).

Each of the statutes for rape, aggravated sodomy, and aggravated sexual battery provide the same punishment options for a sentencing court: (a) life imprisonment, or (b) a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life. *See* OCGA § 16-6-1 (b); OCGA § 16-6-2 (b)(2); OCGA § 16-6-22.2.[2]

Here, on each of Upton's convictions for rape, aggravated sodomy, and aggravated sexual battery, the trial court imposed the same sentence: "Life with 25 Years in Confinement." Although the trial court may have intended to comply with the statutory sentencing scheme by imposing "a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life," the language used in the final disposition does not reflect such a sentence. We construe the sentence on each count as written here to impose a life sentence in

---

[2] A conviction for rape also allows for a sentence of life without parole, while the other two offenses only permit a sentence of life with parole. *See* OCGA § 16-6-1 (b).

9

prison, probated to serve 25 years. Our interpretation of the sentence on each count is buttressed by the "sentence summary" portion of the final disposition. In that portion, the trial court indicated that the aggregate sentence it was imposing was "Life with the possibility of parole with the first 25 years to be served in confinement and the remainder to be served on probation[.]"

We first note that life imprisonment, with the first 25 years in confinement is not a statutorily permitted sentence for any of these convictions; the sentences are therefore void. *See Daniels v. State*, 344 Ga. App. 190, 191 (809 SE2d 473) (2018) ("A void sentence is one that imposes punishment that the law does not allow." (citation omitted)). Moreover, it is well settled that pursuant to OCGA § 17-10-1 a trial court may not probate any portion of a life sentence. *See Hwang v. State*, 293 Ga. App. 815, 816 (668 SE2d 325) (2008). *See also* OCGA § 17-10-6.1 (c) (1).

Because Upton was unlawfully sentenced on counts 1, 2, 3, 6, and 7, we vacate those sentences and remand to the trial court for further proceedings on those counts. *See Daniels*, 344 Ga. App. at 192 (case remanded to trial court where sentences imposed on defendant who entered negotiated guilty plea to statutory rape and child molestation charges were illegal and void). As to these counts, Upton "stands in the same position as if he had pled guilty and not yet been sentenced." *Kaiser v. State*,

285 Ga. App. 63, 66 (1) (646 SE2d 84) (2007). Upton's other convictions and sentences are affirmed in full.

*Judgment affirmed in part; sentence vacated in part, and case remanded.*

*Doyle, P. J., and Markle, J., concur.*