# Court of Appeals
# of the State of Georgia

ATLANTA,  October 11, 2022

*The Court of Appeals hereby passes the following order:*

**A23A0266. ALDEN B. THOMAS v. THE STATE.**

In November 2013, a jury found Alden B. Thomas guilty of rape. Thomas's conviction was affirmed on appeal. See Case No. A20A0784 (decided Sept. 4, 2020). In November 2021, Thomas filed a pro se "Motion to Vacate a Void, Illegal, and Unconstitutional Sentence." On December 13, 2021, the trial court granted Thomas's motion for the limited purpose of re-sentencing pursuant *Upton v. State*, 350 Ga. App. 535, 539-540 (3) (829 SE2d 791) (2019) and denied the other grounds asserted in the motion as meritless. Counsel was appointed to represent Thomas, and after the hearing, the trial court re-sentenced Thomas. On March 24, 2022, the trial court entered an order informing Thomas he may not attempt to raise any issues post-appeal that the court had already addressed. On April 7, 2022, Thomas filed a pro se notice of appeal from the amended sentence. We dismissed Thomas's appeal on the ground that his notice of appeal was a nullity because he was represented by counsel. See Case No. A22A1398 (dismissed June 28, 2022).

On July 29, 2022, Thomas filed a pro se "Motion to Vacate Court's Order of December 13, 2021 and to Set Aside Same," on the ground that he did not receive the order, which consequently deprived him of the right to appeal the portion of his November 2021 motion that was denied. Thomas requested that the court set aside and reissue the order in accordance with *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (2) (269 SE2d 426) (1980). The trial court entered an order denying Thomas's motion on the ground that the issues raised were addressed in the court's order of March 24, 2022, which was provided to Thomas. Thomas filed a pro se notice of appeal therefrom. We, however, lack jurisdiction.

In Thomas's November 2021 motion to vacate, he argued that the sentence was illegal and that the rape statute under which he was convicted, OCGA § 16-6-1, was unconstitutional, void, and illegal. As stated above, the trial court granted the portion of the motion pertaining to sentencing, and Thomas was resentenced. His remaining argument—that the rape statute is unconstitutional—amounts to a collateral attack upon his conviction. A post-conviction motion seeking to vacate an allegedly void conviction is not a valid procedure in a criminal case, and any appeal from the denial or dismissal of such a motion must be dismissed. See *Williams v. State*, 287 Ga. 192, 192 (695 SE2d 244) (2010); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

Pretermitting the nomenclature of the motion that led to the order Thomas now seeks to appeal, he ultimately seeks to set aside or vacate his conviction, which is not permitted in a criminal case. Accordingly, Thomas's appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__10/11/2022_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*