**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 28, 2022**

# In the Court of Appeals of Georgia

A22A1135. BOLISH v. THE STATE.

BARNES, Presiding Judge.

In November 2008, Bret Kevin Bolish was convicted upon his guilty plea to multiple felony crimes committed the previous March. More than a decade later, in June 2021, Bolish filed a motion to vacate as void the sentences imposed for the three sexual offenses. The trial court denied the motion, and Bolish appeals. Because Bolish has established no error, we affirm.[1]

Bolish maintains that each contested sentence is void as imposing punishment not statutorily permissible. "[A] sentence is void if the court imposes punishment that

---

[1] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required number of judges, however, voted in favor of a hearing en banc on the question of disapproving *Upton v. State*, 350 Ga. App. 535, 539-540 (3) (829 SE2d 791) (2019).

the law does not allow." (Citation and punctuation omitted.) *Parrott v. State*, 312 Ga. 580, 582 (3) (864 SE2d 80) (2021). "[T]he sentencing court has jurisdiction to vacate a void sentence at any time[.] . . . But when the sentence imposed falls within the statutory range of punishment, the sentence is not void[.] . . . Here, [Bolish's] sentences all were within the statutory range[s] of punishment." (Citations and punctuation omitted.) *Marshall v. State*, 309 Ga. 698, 702-703 (3) (848 SE2d 389) (2020).

The final disposition sheet shows that, for each of the three sexual offenses at issue here (Count 9: Aggravated Sexual Battery; Count 10: Rape; and Count 11: Aggravated Sodomy), the trial court imposed:

> life, serve 25 yr each count concurrent (serve 25 yrs) in [confinement]. However, it is further ordered by the Court . . . THAT upon service of . . . Cts 9, 10, 11 = 25 yrs cc of the above sentence, the remainder of Life on prob. may be served on probation PROVIDED that the said defendant complies with the general and other conditions [of probation].

We agree with the trial court, however, that Bolish did not establish that any one of the three contested sentences was void. While perhaps inartful, the cited provisions of the final disposition sheet, when read as a whole, leave no question that Bolish's punishment for each sexual offense amounted to a split sentence comprised

2

of a 25-year term of imprisonment, followed by probation for life. Such sentencing is expressly contemplated by the relevant statutory provisions. See OCGA §§ 16-6-22.2 (c) (2008) ("A person convicted of the offense of aggravated sexual battery shall be punished by imprisonment for life or by a split sentence that is *a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life*, and shall be subject to the sentencing and punishment provisions of Code Section [ ] 17-10-6.1[.]") (emphasis supplied); 16-6-1 (b) (2008) ("A person convicted of the offense of rape shall be punished . . . by imprisonment for life without parole, by imprisonment for life, or by a split sentence that is *a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life*. Any person convicted under this Code section shall, in addition, be subject to the sentencing and punishment provisions of Code Section[] 17-10-6.1[.] ") (emphasis supplied); 16-6-2 (b) (2) (2008) ("A person convicted of the offense of aggravated sodomy shall be punished by imprisonment for life or by a split sentence that is *a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life*. Any person convicted under this Code section of the offense of aggravated sodomy shall, in addition, be subject to the sentencing and punishment provisions of Code Section[ ] 17-10-6.1[.]") (emphasis

3

supplied); see also OCGA § 17-10-6.1 (b) (2) (2008) (providing for a "split sentence" for designated offenses, including aggravated sexual battery, rape, and aggravated sodomy; and defining that "a split sentence . . . shall include the minimum term of imprisonment specified in the Code section applicable to the offense" [and] "an additional probated sentence of at least one year"). See generally *State v. Riggs*, 301 Ga. 63, 63 (799 SE2d 770) (2017) (defining a "split sentence" as "a sentence that includes a mandatory minimum term of imprisonment followed by an additional probated sentence of at least one year").[2]

"Because [each one of the contested sentences] falls within the statutory range of punishment for these charges, the trial court did not err by denying [Bolish's] motion as to these counts." *Cruz v. State*, 346 Ga. App. 802, 803 (1, 2) (815 SE2d 311) (2018) (concluding that the punishment imposed – "a life sentence with 25 years

---

[2] Moreover, Bolish has neither shown by the record nor even asserted that he somehow understood that his punishment for the sexual offenses was something other than a 25-year term of imprisonment, followed by probation for life. See generally *Otuwa v. State*, 303 Ga. App. 410, 411 (1) (693 SE2d 610) (2010) ("An accused is entitled to rely on the provisions set forth in the sentencing document if he is not informed to the contrary when the sentence is imposed.") (citation, punctuation, and emphasis omitted); *Dean v. State*, 177 Ga. App. 123, 127 (5) (338 SE2d 711) (1985) ("Defendant has the right to rely upon the terms of the sentencing document, there being no evidence of record that defendant was informed at the time of sentencing of anything contradictory thereof.") (emphasis omitted).

in custody followed by lifetime probation" – was a valid split sentence for certain offenses that fell within OCGA § 17-10-6.1 (b)) (citing OCGA §§ 16-6-4 (d) (1) (concerning child molestation and aggravated child molestation), and 16-6-22.2 (concerning aggravated sexual battery)). To the extent that *Upton v. State*, 350 Ga. App. 535, 539-540 (3) (829 SE2d 791) (2019), expresses an opinion contrary to *Cruz*, supra, *Upton* is hereby disapproved.

*Judgment affirmed. Brown and Hodges, JJ., concur.*